McCormick Harvesting Machine Company, Appellant, v. L. B. Griffin, F. P. Griffin and George Garner, Appellees.

**Fraudulent Conveyance:** EVIDENCE: *Husband and wife.* Evidence held sufficient to show that a husband's transfer of property to his wife was in payment of a *bona fide* debt, and was not voluntary, so as to be in fraud of creditors.

CONSIDERATION: *Execution of parol trust.* A trust required by statute to be in writing is not void, but merely unenforceable, when resting in parol and a conveyance by the trustee in discharge of the trust is based on sufficient consideration as against strangers.

WEAVER, J., takes no part.

*Appeal from Boone District Court.*—HON. J. R. WHITAKER, Judge.

SATURDAY, APRIL 12, 1902.

CREDITORS' bill to subject certain real estate and personal property to the payment of judgments held by plaintiff against F. B. Griffin. The trial court dismissed the petition and plaintiff appeals.—*Affirmed.*

*Jordan & Goodykoontz* for appellant.

*Ganoe & Baker* for appellees.

DEEMER, J.—February 9, 1898, plaintiff obtained judgment against F. P. Griffin on an indebtedness contracted in the year 1891; and on December 15, 1897, Deering and Brown also obtained judgment against the said Griffin, which judgment was duly assigned to plaintiff. In 1894 F. P. Griffin entered into a contract with one Little for the purchase of a farm in Jackson township, Boone county, Iowa. The deed for this farm was taken in the name of the said F. P. Griffin, but it is claimed that L. B. Griffin furnished a part or all of the consideration therefor, and that it was agreed between F. P. Griffin and L. B., his wife, that she (L. B.) should have the proceeds of the Jackson township farm. May 22, 1897, F. B. Griffin entered into a contract with one Holst, whereby he was to convey to Holst the Jackson township farm in exchange for the property in controversy, to wit, lot 3, in section 20, township 84, range 26, Story county, Iowa. L. B. Griffin refused to sign the deed, unless the said lot should be deeded to her, and pursuant to her demand the deed was so made. In 1899 a railway was projected across the land procured from Holst, and $300 was deposited with defendant Garner, as sheriff of Boone county, as compensation for the land taken for the right of way. Thereupon plaintiff sued out an execution on its judgment, and caused the sheriff to be garnished as a supposed debtor of F. P.

Griffin.    L. B. Griffin intervened in the proceeding, claiming that she was the owner of the fund in the hands of the sheriff.    Deering and Brown, before assigning their judgment, also caused an execution to issue, under which Garner, the sheriff, was garnished; and L. B. Griffin also intervened in that proceeding.    Thereafter, and after plaintiff had taken an assignment of the Deering and Brown judgment, it (plaintiff) commenced this action in equity to subject the aforesaid lot 3 and the funds in the hands of the garnishee to the payment of its judgments.    Issue was joined on the allegations of the petition, and on appellant's motion the causes were consolidated and tried as one action in the district court, resulting in a decree for defendants.

Plaintiff claims that the title to lot 3 was placed in the name of L. B. Griffin for the purpose of hindering, delaying, and defrauding the creditors of F. P. Griffin; that the conveyance to the wife was without consideration, and purely voluntary; and that the money in the hands of the sheriff, as well as the lot itself, should be subjected to the payment of the judgments against F. P. Griffin.    From this statement it will be seen that the questions presented are solely of fact.  True, defendants contend that the garnishment proceedings should have been tried at law, and that a court of equity had no jurisdiction of the issues involved; but, as appellees do not appeal from the order of consolidation, we will not consider the point.    Now, while it is true that title to the Jackson township property stood in the name of F. P. Griffin, yet we are satisfied that the property in fact belonged to his wife; that she furnished the consideration therefor, and that the Holst lot was conveyed to her in fulfillment of a legal obligation on the part of the husband so to do.    For many years prior to the time the transactions above referred to occurred, defendant L. B. Griffin had been the owner of real estate in her own right, both in Iowa and in other states, and had been doing business in her own name and right.    In 1891, her

husband, F. B. Griffin, became involved, and turned over
practically all his property to his creditors. At that time
his wife, L B., was possessed of considerable property, con-
sisting of real estate in Texas and Tennessee and personal
property in this state. Her husband contracted for the Jack-
son township land in his own name and right, but, finding
that he could not meet the payments, he induced his wife
to mortgage her personal property to secure the means where-
by to pay for the land, and the vendor was notified to make
the deed to the wife. This, for some reason, he failed to do,
but sent a deed in which F. P. Griffin was named as grantee.
It was then agreed between husband and wife that the title
should remain in F. P. until the land was sold, and that
whatever was received should be paid to L. B., the wife.
The wife sold her land in Texas and Tennessee and her
personal property in this state, and used the proceeds in pay-
ing for the Jackson township land and in making improve-
ments thereon. There is no doubt that the money was fur-
nished the husband on the agreement that the wife was to
take the proceeds of the land when sold. When the trade
was made with Holst, the wife refused to sign the deed unless
the title to the lot was placed in her name. This, as will
be observed was before either plaintiff or its assignor had
obtained its judgment and the record discloses that the wife,
L. B., knew nothing of either of the claims on which the
judgments were obtained. There is no evidence that plaintiff
or its assignor extended credit to F. P. Griffin on the strength
of his ownership of the Jackson township land, and no testi-
mony which is sufficient to create an estoppel on the parties.
Appellant contends, however, that there is no evidence of
any indebtedness between husband and wife and that there
is an entire lack of testimony tending to show any contractual
relations between them. As the parties are husband and
wife, these transactions should be closely scrutinized, but,
if it fairly appears that there was a *bona fide* indebtedness
between the parties, or that the wife in fact furnished the

consideration for the land, her title should be protected. There is an entire absence of evidence tending to show actual fraud; hence it must appear that the conveyance or settlement was voluntary before we would be justified in setting it aside. That the wife had property of her own, which was used in the purchase of the Jackson township land, is beyond the pale of reasonable discussion; and that the husband agreed to reimburse her for money so used is conclusively established. This being true, and there being no testimony of actual fraud, the title to lot 3 should be confirmed in the wife, and the money in the hands of the sheriff should be awarded to her. Had there been any evidence that creditors were misled, a different question would arise; but there is as we have already said no such evidence.

Appellant says, however, that at most F. P. Griffin held the Jackson township land in trust for his wife; that such trust cannot rest in parol, and that the lot purchased of Holst should be subjected to the payment of its judgments. This contention is faulty, in that it assumes that a contract within the statute of frauds is void, and cannot be regarded, even when executed. Such a contract is not void. True, the trustee may refuse to perform, and the beneficiary, being unable to prove the trust, must suffer. But, if the contract is fully carried out, it does not lie in the mouth of a third party to say the contract was void, and that it therefore conferred no rights. The beneficiary may be estopped from taking advantage of the agreement, even when executed; but there is no evidence to support an estoppel in this case.

By reason of the fact that this transaction was between husband and wife we have carefully examined the record, and closely scrutinized the evidence, as is our duty in such cases; but we fail to find any such badges of fraud as would justify us in rendering a decree sequestering the property.

Appellant's motion to tax the cost of appellees' amended abstract is sustained in so far as to tax $25 of the cost thereof to appellees.

The decree is AFFIRMED.

WEAVER, J., taking no part.