Emil Schurz, Appellant, v. W. H. Schurz, Lolita S.
    Mollring and Henry Mollring, Appellees.

Trusts: how created: parol evidence.  Declarations of trust are
1    required by the statute to be in writing and can not therefore
     be ingrafted by parol on a deed reciting a fair consideration
     for the property and containing no provision attaching any trust
     to the title.

Conveyances: delivery of deed: presumption: burden of proof.
2    Where the grantee in a deed is in possession of the same and
     of the property conveyed thereby it will be presumed that the
     deed was delivered, and the burden of establishing nondelivery
     is upon the party alleging it.

Same: evidence.  Delivery of a deed is so largely a question of
3    intent of the parties that no particular course of conduct can
     be said as a matter of law to be necessary to its accomplish-
     ment, but where the grantor or one acting for him passes the
     deed with intent to transfer title to the property, there is a
     valid delivery; and it is generally held, especially as between
     parent and child, that the placing of a properly executed con-
     veyance in the hands of a third person, to be delivered to the
     grantee upon the death of the grantor, is a valid delivery.  In
     this case the evidence is held to justify a finding of an effective
     delivery.

Trusts: how created: evidence.  A trust can not be orally ingrafted
4    upon a deed which is an absolute and unconditional conveyance of
     the fee; and even though an oral declaration of trust may be en-
     forced against the party sought to be charged, where he has once
     recognized its obligation and undertaken its performance, still
     the evidence of such recognition and performance must be un-
     equivocal.  The evidence in this case is insufficient to charge
     the grantee with a trust resulting from recognition.

*Appeal from Pottawattamie District Court.*—Hon. A. B.
                    Thornell, Judge.

            Thursday, December 15, 1910.

    Action in equity to vacate and declare void a deed
of conveyance and to establish plaintiff's title to an interest

in real estate and for partition. Decree dismissing the bill, and plaintiff appeals.—*Affirmed.*

*A. W. Askwith,* for appellant.

*Harl & Tinley* and *W. E. Mitchell,* for appellees.

WEAVER, J.—Mrs. E. E. Schurz, widow, resided in Council Bluffs, and was the owner of the real property which is the subject of this litigation. She had three children, the plaintiff, Emil Schurz, and the defendants, W. H. Schurz and Lolita S. Mollring. Mrs. Schurz died September 12, 1908, and very soon thereafter a deed was placed of record purporting to have been made by her in her lifetime conveying the real estate to her daughter, Mrs. Mollring. Thereafter plaintiff began this action in equity alleging himself to be the owner of a one-third interest in the property and asked to have the same partitioned. To this action Mrs. Mollring and W. H. Schurz appeared and answered denying the averments of the petition, and the former by her separate cross-petition asserted ownership of the property in her own right and prayed that her title be quieted accordingly. Replying to the cross-petition, plaintiff denies that the deed purporting to have been made by Mrs. Schurz to her daughter was ever delivered in the lifetime of the grantor, and therefore never became effective as a conveyance. He further alleges that at the time of the death of the mother and prior thereto she and her children labored and acted under a mistaken understanding and belief that a deed made by her, though not delivered, would operate at her decease to vest the title in the daughter in trust for the use of all the children, that the deed in question was in fact made and executed with that intent and for that purpose, and that, still, actuated by that mistaken belief he (plaintiff), after his mother's death, consented to the recording of the deed and to the

assumption of control of the property by his sister.    He
also avers that for a considerable period and on divers occa-
sions his sister recognized and conceded the trust character
of the title held by her, but has since disclosed a purpose
to assert a title in herself and to unite with his brother,
W. H. Schurz, in defrauding plaintiff of his rightful in-
terest in the property and estate left by their mother.    The
trial court found that plaintiff had failed to establish the
alleged trust and quieted the title in Mrs. Mollring.    Plain-
tiff appeals.

There is much confusion in the record as to the proper
sequence of dates of the various transactions involved in
this litigation.    For example, appellant's abstract gives the
date of the commencement of this action as April 22, 1910,
while the decree purports to have been entered January 24,
1910.    The petition alleges, and the fact is stipulated,
that Mrs. Schurz died September 12, 1908, while appellant
in his reply argument asserts that she died September 12,
1907, although it seems to be conceded that the deed to
Mrs. Mollring was not made before December 12, 1907.
In still another part of the abstract the same deed is de-
scribed as bearing date September 12, 1908, and acknowl-
edged on the 13th day of the same month.    While these
defects are not insurmountable obstacles to a proper con-
sideration of this case, they do add very materially to the
labor of this court in marshaling the facts and developing
the merits of the dispute.    We mention them here, not by
way of rebuke, but to direct the attention of all counsel
preparing cases for this court to the great importance of
careful proof reading of the printed record.    It is too often
neglected, and not infrequently to the great prejudice of
some of the parties in interest.

The deed made by Mrs. Schurz to her daughter is in
the ordinary warranty form and recites a consideration of
$15,000, which was the fair value of the property at that
date.    It contains no condition or stipulation attaching

any trust to the title which it purports to convey, and
under our statute (Code, section 2918), no
express trust can be ingrafted thereon by
parol proof. *Richardson v. Haney,* 76 Iowa,
101; *Andrew v. Concannon,* 76 Iowa, 251; *Brown v. Barn-
grover,* 82 Iowa, 204; *Shaffer v. McCrackin,* 90 Iowa, 578.
If therefore there was an effective delivery of this deed,
then plaintiff's assertion that it was given simply to enable
his sister to hold the title in trust for herself and her
brothers must fail for lack of competent evidence, unless
we are able to say that since said delivery she has so rec-
ognized and admitted the trust character of her title that
equity will not permit her to find shelter under the statu-
tory provision to which we have referred.

1. TRUSTS: how
created: parol
evidence.

We have then first to inquire whether the deed has
been shown to be ineffective for want of delivery. As
Mrs. Mollring is in possession of the instrument and of
the property therein described, there is a
presumption of due delivery in her favor,
and the burden is upon plaintiff to negative
it by a preponderance of the evidence. *Par-
lin v. Daniels,* 111 Iowa, 640; *Blair v. Howell,* 68 Iowa,
619; *McGee v. Allison,* 94 Iowa, 527; *McCarthy v. Colton,*
134 Iowa, 658.

2. CONVEYANCES:
delivery of
deed: presump-
tion: burden
of proof.

Delivery depends so largely upon the intent of the
parties that no particular act or course of conduct with
reference to the instrument can be said as a matter of
law to be necessary to its accomplishment.
The most usual method is for the grantor or
someone acting with his authority to pass the deed over
into the possession and control of the grantee with intent
thereby to pass the title to the property therein described.
It also frequently happens, especially as between parent
and child, that the grantor executes a conveyance in due
form and places it in the hands of a third person to be
delivered to the grantee after the grantor's death, and this

3. SAME: evi-
dence.

is quite universally held to be a good delivery. *Dettmer v. Behrens,* 106 Iowa, 585; *White v. Watts,* 118 Iowa, 549; *Foreman v. Archer,* 130 Iowa, 49.

In the case at bar, the plaintiff claims, and offers evidence tending to show, that Mrs. Schurz became stricken with illness a short time prior to the date of the deed, and, in view of her condition, the two sons talked over property matters and agreed it would be advisable to have their mother transfer the title to Mrs. Mollring for the joint use and benefit of herself and her brothers. This, plaintiff says, was communicated to his mother by himself and W. H. Schurz, and she consented thereto on condition that the transaction be kept secret and she be left in full control of the property while she lived. Plaintiff himself drew the deed, and after it had been executed and acknowledged he says he took it to his mother, and at her direction placed it in a small box where she kept her papers. According to his story, the deed remained at all times in the possession of his mother until her death and was never given over to Mrs. Mollring nor any other person for delivery to her. On the other hand, W. H. Schurz testifies that at or about the time the deed was executed his mother placed it in his hands to keep for his sister. He further testifies that he kept the paper for some months in his office, when, his mother expressing some fear as to its safety there, he took it to her place of residence and placed it in an iron box belonging to her, locked the box, and himself kept and carried the key thereto until after her death, when he delivered the instrument to his sister. The key, he says, was given him by his mother with the injunction to take due care that if anything happened to her the deed should be given to his sister. If W. H. Schurz tells the truth with respect to this transaction, there was a sufficient delivery of the deed; but, if the version given by the plaintiff be correct, then there was no delivery. A similar question of veracity is raised between plaintiff and Mrs.

Mollring and between the latter and her uncle, John Lindt, who was present when the deed was prepared. Radical conflicts in evidence, which can not be reconciled upon any theory consistent with veracity and honesty on both sides, are very embarrassing to this court, which does not see the witnesses or observe their appearance and conduct on the stand. The story of a witness whose manner, appearance, and tone carry conviction of his untruthfulness to the mind of the trial court not infrequently appears entirely reasonable and credible when reduced to printed form. We are therefore inclined, even when hearing a case *de novo,* to give considerable weight to the conclusion reached by the court below upon questions of fact concerning which there is a marked dispute between witnesses equally well situated to know the truth. Moreover, the plaintiff has the burden of proving the nondelivery of the deed, and, even if the court should be unable to arrive at any satisfactory conclusion upon the question of credibility as between him and his brother, the presumption of due delivery which attaches to the possession of the deed by the grantee would remain and must be given effect. After a very careful examination of the record and consideration of all the testimony, we find nothing to justify us in overruling the trial court's finding that the deed was effectually delivered.

Assuming the delivery of the deed, we have then to consider whether the alleged trust has been established. Were it not for the statute, which seems to be an insurmountable obstacle to the relief asked, the writer of this opinion would be very strongly disposed to hold that plaintiff's theory of the transaction is the true one, and that the denial of his right in the property is an afterthought growing out of the dissensions which have arisen between the children of the deceased since the removal of her harmonizing presence and influence by death. But when we eliminate, as we must, all parol testimony as to the negotiations attending

4. TRUSTS: how created: evidence.

the making of the deed, there is not sufficient left on which to base the finding that the deed is otherwise than it appears to be—an ordinary and unconditional conveyance of the fee to the grantee in her own right. It may be true, as argued in plaintiff's behalf, that even an oral declaration of an express trust will be enforced in a court of equity when the person sought to be charged therewith has once recognized its obligation and undertaken its performance; but the showing made in this direction is not of that clear, unequivocal and satisfactory character which the law requires to overcome the presumptions in favor of absolute ownership in the grantee of the deed. Some of the grantee's acts, statements, and correspondence may justify the suspicion that the discovery of the advantage which the statute gives her has led to a change in her attitude towards the plaintiff with respect to the property; but they fall far short of the full measure of proof which is demanded by the established rules applicable to cases of this nature. *Acker v. Priest,* 92 Iowa, 621. In occasional instances the statute works hardship and gives one so inclined an opportunity to disown a moral obligation to the injury of others; but experience has demonstrated that in general it operates rather to prevent, than to promote, fraud.

We conclude that the decree of the district court must be *affirmed.*

## ON REHEARING.

### MONDAY, DECEMBER 18, 1911.

PER CURIAM.—Upon a reexamination of the record in the light of additional arguments, we discover no reason for departing from the views expressed in the opinion heretofore filed.

Adhering thereto, the decree of the district court is *affirmed.*