PETER NOLAN, Appellee, v. BRIDGET GUGGERTY, Administratrix, et al., Appellants.

**DEEDS: Fiduciary Relations—Burden of Proof.** The existence of
1 a close fiduciary relation between grantor and grantee, duly
established, casts upon the grantee and *those claiming under
him* the burden to show, in an action to cancel the deed, that
the deed was obtained (1) fairly and (2) on adequate consideration. Evidence held to show such relation.

**DEEDS: Cancellation—Admissions as Evidence.** In actions to set
2 aside a deed for fraud and want of consideration, the applications of the grantee, as guardian of grantor, to sell the property, and the inventories filed by the grantee, as such guardian, containing solemn admissions that the land belonged to
the grantor, are admissible.

**TRUSTS: Proof of Executed Trust.** The statutory requirement that
3 trusts in real property be proven only by instruments executed
as deeds of conveyance does not apply to an *executed* trust.
So held where such trust was proven by the admissions of a
guardian (who held the legal title) in his applications to sell,
and in his inventories.

**EVIDENCE: Consideration and Presumption of Full Conveyance.**
4 The rule that a recital of consideration in a deed and the presumption that full title is conveyed may not be contradicted
by parol do not apply in case of fraud.

**PLEADING: Sufficiency—Belated Challenge.** It is too late, on appeal, to challenge, for the first time, the sufficiency of a petition to state a cause of action.

*Appeal from Calhoun District Court.*—E. G. ALBERT, Judge.

NOVEMBER 22, 1919.

THE plaintiff obtained the setting aside of a deed
wherein said Lawrence Guggerty was grantee, and he has
decree quieting the title to the land described in said deed.
Hence this appeal.—*Affirmed.*

*J. J. Smith,* for appellants.

*John W. Lewis* and *Frick & Frick,* for appellee.

SALINGER, J.—I.   One claim of the petition is that said deed was made for the purpose of protecting plaintiff in the ownership of the land; that he received no considera-

1. DEEDS: fiduci-
ary relations:
burden of
proof.

tion; that the deed was obtained of plaintiff in some way and for some reason unknown to plaintiff, and obtained in some manner growing out of an intimate relationship between plaintiff and Lawrence Guggerty.   These allegations were in no manner challenged.   Wherefore, the only question at this point is the state of the evidence in support of these allegations.

The subordinate question arises whether these defendants who claim under the will of Lawrence Guggerty do not, because of the relations existing between plaintiff and Lawrence Guggerty at the time when said deed was obtained by Guggerty, have the burden of proving that the deed from plaintiff was fairly obtained.

As to that relationship, the following matters are fairly deducible from the record: Prior to the opening of the Civil War, plaintiff became acquainted with Lawrence Guggerty.   After spending three years in the army, and on returning from the war, the acquaintance with Guggerty was renewed; plaintiff worked for him, and they became very intimate.   While it is true that, at the very time the deed in question was obtained, plaintiff was not living with or working for Guggerty, the record shows that plaintiff had the feeling that would be created by long living with and working for Guggerty.   It appears plaintiff was an old country Irishman, of meager intelligence; that he never transacted business, and had very little business ability; that he went away on sprees, now and again; that he was at one time sent to the hospital for the insane, at Mount

Pleasant; that he relied on the business judgment and wisdom of Guggerty, and trusted him implicitly; that plaintiff was, when with Guggerty, a sort of errand boy for him, and yielded him the obedience that a child does to a parent; that Guggerty did business as the agent of plaintiff, in collecting his pension money and managing his savings; that he looked after plaintiff's property, including the management of this land, its improvement, its renting, the collection of the rent, and the payment of taxes. In a word, these two men were and remained on close and intimate terms and intimate friends for long years. Some nine years after the deed was made, Guggerty applied to be and was made the guardian of plaintiff, because plaintiff had become mentally deranged. And the plaintiff testifies he never knew he had made this deed, until after Lawrence Guggerty had died.

On this record, we hold that these defendants have the burden to show that the obtaining of this deed was a fair transaction, upon fair and adequate consideration. *Curtis v. Armagast*, 158 Iowa 507, at 519. All done by defendants in reference to this matter is a denial that there was this burden, and an assertion that certain admissions made by Lawrence Guggerty in his petition to become guardian or to sell as guardian do not prove he paid no consideration to plaintiff. Since they had this burden, it does not help them that evidence for the plaintiff fails to show a want of consideration. These defendants cannot discharge their burden because plaintiff has failed to disprove what it is the duty of the defendants to prove. *Farmers & Merch. St. Bk. v. Shaffer*, 172 Iowa 173.

### 1-a

Appellants have urged upon our consideration that statute which requires declarations or creations of trusts in lands to be executed in the same manner as deeds of

conveyance must be. We will assume, for
the sake of argument, that there is no re-
sulting trust in this case. We will assume
that certain admissions made by Guggerty
in written reports as guardian do not constitute a formal
statute declaration of trust. We will assume, further, that
the statements made in said reports are voluntary, are
without consideration, and are not independently "enforci-
ble." But does it follow that these solemn written admis-
sions may not be evidence that the deed given by plaintiff
was without consideration, was obtained from an incom-
petent, and that there was no intention to part with or to
obtain title? No matter what the statute on trusts re-
quires, why may not the admissions of this grantee estab-
lish that the deed in which he is named as grantee was
wrongfully obtained, and is, in truth, no deed?

We are persuaded that such admissions are competent
as to that. Finally, it remains to consider what the admis-
sions were.

· Guggerty, as guardian, petitioned the court to order
this land to be sold. He got no more by the deed than
what he understood he was getting. If he understood he
owned the land, what occasion was there to
ask, as guardian, a permission to sell? If
Guggerty believed this land had been con-
veyed to him, he could sell his own land,
without permission from any court. The application ad-
vised the court that the land ought to be sold, for the
following reasons: (1) The rents have been inadequate to
pay taxes, and to pay for such improvement as had been
made. (2) To make the land valuable, considerable im-
provement is required, and that there will be no advance-
ment in the price unless considerable expenditure is made.
(3) That his ward lacks the means to make such expendi-
tures, and if they are not made, the land will not pay more

*Margin notes:*

2. DEEDS: cancellation: admissions as evidence.

3. TRUSTS: proof of executed trust.

than taxes and repairs. (4) That the guardian is of opinion a good price can now be obtained, and that the sale will be for the best interest of the ward, because such sale will, if the proceeds are properly invested, produce a better income for the ward. Finally, it is declared in this application that, while the guardian "has held title, and could doubtless make title, he has intended to account to his ward either with said land or its value, regarding himself as a trustee for his said ward." The court made order finding that the statements of this petition were true, and, accordingly ordered the sale as prayed. In inventory filed June 28, 1899, Guggerty reported "that he had in his control as such guardian 160 acres of land in Calhoun County, on which he has paid taxes up to 1888, in the sum of $292.55." On June 26, 1899, he filed an inventory of personal effects of Peter Nolan, and therein said:

"I have in my possession 160 acres of land in my own name, the property of Peter Nolan, of unsound mind, for which I have paid taxes out of my own money."

He frequently spoke of this land as "Pete's land."

Whatever may be the requisites of a formal declaration of trust, the foregoing statements and the solemn written allegations of the inventory and in the application to sell are the clearest of proof on two propositions: First, that, while there was a formal deed, the land was never conveyed; second, these allegations are clear proof that the trust was executed. The application itself is such execution. And such admissions as these were admissible where the trust has been executed. *Ratigan v. Ratigan,* 181 Iowa 860.

What is the avoidance?

Appellants cite *Davis v. Stambaugh,* 163 Ill. 557 (45 N. E. 170). It holds that an admission of a trust in a deposition will not effect a declaration of trust, because, under the Illinois statutes, a trust is void unless created in

the statute manner. Such is not the effect of our statute. It is an evidence statute, and the one charged with the trust may waive the evidence rule.

"These statutes have reference to the character of the evidence which must be adduced as against the holder of the legal title. If the trustee admits the trust, or if the parol trust has been fully carried out and executed, the statute does not apply." *Johnston v. Jickling,* 141 Iowa 444, at 451.

We agree it is the general rule that a recital of consideration in a deed and the presumption that full title is conveyed "cannot be contradicted by parol evidence of a different agreement." *Ostenson v. Severson,* 126 Iowa 197. But that very case says that this holds only "in the absence of fraud." The evidence as to the relations between plaintiff and Guggerty, and their relative mental capacity, and failure to show that the transaction was a fair one, make proof of fraud. So does the fact that Guggerty, after admitting that plaintiff owned the land, willed it away, giving plaintiff but a life estate. Other contentions are answered by *Schumacher v. Dolan,* 154 Iowa 207, which holds that such facts as we have here constitute a binding admission of the trust; that they effect a declaration of trust, though there was no acknowledgment or recording; that such written declaration by admission will be enforced, though voluntary, and though no consideration is received by the trustee.

**4. EVIDENCE: consideration and presumption of full conveyance.**

Another trouble is the state of the pleadings. The petition alleged that the legal title had, for many years, stood in the name of Lawrence Guggerty; that he made said application for permission to sell; that he solemnly admitted in writing, in said application, that the land was the land of plaintiff, and held it in trust for him; that

**5. PLEADING: sufficiency: belated challenge.**

there was, in fact, no consideration paid; that plaintiff was the actual owner of the land; and that Guggerty held the legal title in trust for plaintiff. These allegations were most clearly proved. If these allegations are insufficient in law, though true, then the claim in the petition advised defendants that the claims made did not warrant the relief prayed. That was as apparent then as it is now. The sufficiency of the petition was not challenged, and, having been proved, it may not be urged on appeal for the first time that proof of the unchallenged petition makes no case for appellee.

### 1-b

Not only was the form sufficient. The substance of the admissions is sufficient, as well. We are told that Guggerty merely acknowledged plaintiff had a life interest; that the application to sell was prompted by a desire to protect that life estate; and that the declaration of intention to account to the ward, either with the land or its value, expresses a mere intention to do what Lawrence Guggerty considered himself to be under neither legal or equitable obligation to do; and that what he intended may be no more than to account for the income of the land or interest on its value. As to this, we have to say that an express statement of the purpose to account to a ward for the land or its value is not necessarily an offer to do what there is neither legal or equitable obligation to do; and that the very words of the declaration cannot be tortured into meaning income on land or interest on value of land. Accounting for land or the value of land does not speak to income merely, nor to interest on value merely, and it was certainly no protection to a life estate to have the lands sold in which the life estate existed.

It is argued that, at the very time this application was made, Guggerty was acting as owners do; that he obtained a loan for his own use, and mortgaged this land to secure

it, although he had large means, and was, therefore, under no financial pressure to resort to this land. This is pleading the wrong of Guggerty in his defense. That he usurped the rights of an owner, although he solemnly admitted to the court that he was not the owner, certainly will not strengthen his title.

II. We do not question the elementary rule of evidence that the legal title cannot be divested except on testimony which is clear, distinct, and satisfactory. But we hold that the testimony here meets that test; that it clearly establishes the unchallenged allegations of the petition.

III. On the evidence and the record as a whole, we decline to hold that the plaintiff was guilty of laches.—*Affirmed.*

LADD, C. J., EVANS and PRESTON, JJ., concur.