Elizabeth King et al., Appellants, v. John Cole, Appellee.

**HOMESTEAD:** Trust Deed—Construction. Trust deed to a home-
. 1    stead by heirs of the deceased parents, conditioned "to pay the
debts" of the parents, construed, in the light of explanatory
evidence, and held to embrace only the debts attending the
funeral expenses consequent on the death of the parents.

**EVIDENCE:** Parol as Affecting Writing—Identifying Subject-Mat-
2   ter of Trust Deed. Parol evidence is admissible to identify the
debts for the payment of which a trust deed has been given.

*Appeal from Monroe District Court.*—H. F. Wagner, Judge.

### February 23, 1920.

Suit in equity, for the establishment of a lien upon
real property, and to foreclose the same. The court below
dismissed plaintiff's petition, and she appeals.—*Affirmed.*

*Dan Davis* and *Liston McMillen,* for appellant.

*McCoy & McCoy,* for appellee.

Stevens, J.—Robert and Elizabeth Cole were husband
and wife, and owned a residence property in Oskaloosa,
Iowa. Robert Cole died June 1, 1916, but Elizabeth died

two or three years earlier. Robert Cole
and his unmarried son, Ralph, continued
to reside in the homestead until his death.
The title to the property was in Elizabeth
Cole. In September, 1915, Robert and Ralph Cole conveyed
their undivided interest in the homestead to the defendant,
John Cole, and, on June 6, 1916, Barbara Newton and hus-
band, Richard Cole and wife, and Maggie Blake and hus-
band, who were heirs at law of Elizabeth Cole, jointly ex-
ecuted a quitclaim deed, conveying their interest in the
property to the defendant, John Cole, as trustee. The deed,

1. HOMESTEAD:
trust deed:
construction.

which was a quitclaim, recited a consideration of $1.00 and other valuable consideration, and provided that:

"The said John Cole, trustee, is to sell the said property and after the payments of the debts of Elizabeth Cole and Robert Cole, including the funeral expenses and last sickness and all other of their said debts and after said John Cole trustee pays the said debts and obligations he is to divide up the proceeds from the sale of said property, as provided by law. The said John Cole is to be allowed interest on all debts paid until said sale."

Plaintiff Elizabeth King, a niece of Robert Cole's, on March 3, 1915, went to live with and take care of him, remaining an inmate of his home until August 7th, a period of 157 days. This action was brought by her against John Cole, trustee. She alleges in her petition, in substance, that Robert Cole was, at the time of his death, indebted to her for the reasonable value of her services, which she fixed at $400, and prayed that same be decreed a lien upon the residence property; that it be foreclosed; and for special execution. No administration was had of the estate of either Elizabeth or Robert Cole. None of the grantors named in the alleged trust deed are made parties to this suit.

Shortly after plaintiff's petition was filed, John Fowler, father of plaintiff, filed a petition in intervention, setting up a judgment of $24.60 against Robert Cole for services rendered. The defendant, for answer to the petition of plaintiff and the petition in intervention of John Fowler, admitted that Elizabeth Cole died seized of the property described in the trust deed, and that same was the homestead of herself and husband; admitted the execution of the instrument in question; and averred that same was executed for the purpose of securing said defendant for sums advanced by him on the burial expenses of Elizabeth Cole, and to be advanced in payment of the funeral expenses of

Robert Cole, and a tombstone to be erected at their graves, and denying generally the remaining allegations of the petition, and specifically denying that Robert Cole was, at any time, indebted to plaintiff, as alleged in her petition.

Plaintiff, at the time the services were rendered, was about 16 years of age, and whatever arrangement was made therefor with Robert Cole was with John Fowler. The evidence as to what the agreement was, and the character and extent of labor performed, is in conflict. It is agreed, however, that Robert Cole was partially paralyzed, and, the evidence tends to show, constantly required a great deal of care. Fowler testified that he made the arrangement for his daughter to work for Cole, and that he agreed to pay her for her services. Plaintiff testified that she lifted him from and onto the bed, and that she bathed and cared for him like a child. Ralph Cole testified that she performed none of these services; that it was understood, when she came, that Robert Cole would pay her if he could,—otherwise, nothing was to be paid; that she left because Ralph was unable, out of his wages as a section hand, to pay the expenses of the household. He further testified that he purchased articles of clothing for the plaintiff, and gave her spending money. The amount expended in this way is not stated. It appears without dispute in the evidence that the defendant paid the burial expenses of his father and mother, and erected a tombstone at their graves, at a total expense of $500. None of his brothers or sisters were able to contribute to these expenses. At the time of his father's death, he had not been reimbursed for the funeral expenses of his mother. The defendant, Richard Cole, Maggie Blake, and George Blake testified, without objection, that, shortly after the death of Robert Cole, they, with the defendant and the other grantors, met at a law office in Oskaloosa, at which time the trust deed was made out and signed. From their testimony it appears that defendant

was objecting to paying his father's funeral expenses, un-
less some provision was made by his brothers and sisters,
to secure or reimburse him therefor; that the real purpose
of the trust deed was to secure the repayment of the mon-
ey already paid, and money to be advanced in settlement of
his father's funeral expenses, and for the erection of a
tombstone; and that no other debts were referred to.
This evidence is contradicted only in part by Barbara and
William Newton, who testified that they wanted the terms
of the deed fully carried out, and plaintiff paid.

It is further disclosed in the evidence that plaintiff,
on September 14, 1915, caused an original notice to be serv-
ed upon Robert Cole, claiming $196.25 to be due her for
the services rendered. The petition subsequently filed was
verified by John Fowler. Robert Cole answered this peti-
tion, denying its allegations. The petition was voluntarily
dismissed by plaintiff. On November 22, 1917, plaintiff,
jointly with Barbara Newton, brought a suit against John
Cole, asking that the deed of Robert Cole, conveying his
undivided interest in the homestead to the said John Cole,
be canceled, set aside, and held for naught, upon the ground
that Robert Cole was mentally incompetent to execute the
same. In the last petition referred to, plaintiff alleged that
the value of her services was $316. This action was also
voluntarily dismissed, after answer had been filed.

Neither the grantee nor any of the grantors named in
the trust deed were liable for the payment of the claims of
plaintiff or intervener, and the property conveyed thereby
was not liable for the payment of the debts of either Eliza-
beth or Robert Cole.

It is apparent, from what is said above, that Robert
Cole denied that he was indebted to plaintiff or intervener,
and that payment thereof has been at all times resisted by

the defendant. The quitclaim deed in question does not designate the debts of Elizabeth and Robert Cole that are to be paid out of the property, but the evidence is quite conclusive that the parties had funeral expenses and monument in mind, and that the real purpose of the conveyance was to secure the payment of the amount previously advanced, and to be advanced by the defendant in the payment of funeral and other expenses. We are satisfied that the parties did not contemplate or intend the payment of either the plaintiff's or intervener's claims. They were in dispute, and have been contested at all times by the defendant. It is a familiar rule that parol evidence is admissible to show that a deed absolute upon its face was, in fact, intended as a mortgage. *Trucks v. Lindsey*, 18 Iowa 504; *Hughes and Dial v. Sheaff*, 19 Iowa 335; *Votaw & Hartshorn v. Diehl*, 62 Iowa 676; *Beroud v. Lyons*, 85 Iowa 482; *Bigler v. Jack*, 114 Iowa 667; *Bradford v. Helsell*, 150 Iowa 732.

The margin note reads: 2. EVIDENCE: parol as affecting writing: identifying subject-matter of trust deed.

The evidence in this case is overwhelming that the purpose of the execution of the instrument in question was to secure the defendant for certain obligations paid or to be paid, and that the parties did not intend to create a trust for the payment of any and all claims that might be asserted against the estate of Elizabeth or Robert Cole. If plaintiff rendered the services claimed, which we think the evidence tends to sustain, it is unfortunate that same cannot be paid for. It is true that her demands have not been consistent; but she seeks to recover the reasonable value of her services, and the evidence as to the length of time she worked is without substantial dispute. The court below denied both plaintiff and intervener the relief demanded. We are compelled, upon the record before us, to reach

the same conclusion; and it follows that the judgment and decree below are—*Affirmed.*

WEAVER, C. J., LADD and GAYNOR, JJ., concur.