GEORGE KALDENBERG, Appellee, v. F. E. BOYD, Appellant.

**EVIDENCE:** Parol as Affecting Writings—Noncontradictory Testi-
mony. Parol testimony tending to show that an absolute convey-
ance was intended as security only is admissible when such testi-
mony is not inconsistent with or contradictory of a subsequent
written contract.

**NEW TRIAL:** Discretion of Court—Setting Aside Supported Verdict.
It is not necessarily error to grant a new trial when the verdict
rendered has ample support in the evidence.

**LIMITATION OF ACTIONS:** Wrongful Conversion. An action for
the wrongful sale of property and the conversion of the proceeds
is timely when brought within two years of the act complained of.

*Appeal from Jasper District Court.*—D. W. HAMILTON, Judge.

JUNE 22, 1923.

ACTION to recover the value of a farm. Verdict in favor of the plaintiff for $1.00, which was set aside, and a new trial granted, upon a motion filed by plaintiff. The defendant appeals.—*Affirmed.*

*Korf & Korf* and *M. E. Penquite,* for appellant.

*Ross R. Mowry* and *Cross & Hamill,* for appellee.

STEVENS, J.—I. The cause of action here represented grows out of a transaction between the parties, as the result of which the legal title to a farm of 120 acres in Jasper County was placed in the name of appellant. The real controversy is as to whether the title thus taken was intended as security only for the payment of certain indebtedness described in a written

agreement dated February 2, 1914, and signed by the parties hereto, or whether it was subject only to a claimed optional provision of the said written agreement. The alleged option expired March 1, 1915, and in June, 1918, appellant sold and conveyed the farm to one Walker, at a considerable advance in price, retaining the net proceeds of such sale. Appellee charged in his petition that the title was taken in the name of appellant as security only; that the sale to Walker was wrongful, and in violation of the oral agreement and understanding of the parties, and demanded judgment for the full value of the farm, less certain obligations assumed, or to be paid, by him: whereas, it is the contention of appellant that the conveyance from Davis to him was absolute; that the written agreement of February 2d gave appellee a mere option, which expired March 1, 1915, without any effort on his part to take advantage thereof.

Summarizing the essential facts, they may be stated about as follows: On January 30, 1914, appellee entered into a written contract with James W. Davis for the purchase of the farm in question, final settlement to be made March 1st, and possession of the farm to be delivered to appellee. Finding himself unable to make the payments required by the contract with Davis, appellee solicited a loan from appellant, who is a practicing physician at Colfax, and president of the First National Bank of that place. The negotiations which followed resulted in the assignment by appellee to appellant of his interest in the contract with Davis, and the execution of a deed by Davis and wife, conveying the farm to appellant, and the execution of the written agreement of February 2, 1914, which is as follows:

1. EVIDENCE: parol as affecting writings: noncontradictory testimony.

"February 2nd, 1914.

"Agreement between F. E. Boyd and Geo. Kaldenberg, party of first part agrees to deed party of second part the north half of the northwest quarter of Section Twenty-eight (28), and the southeast quarter of the southwest quarter of Section Twenty-one (21), all in Township Eighty (80) North, Range Twenty-one (21), West 5th P. M. Iowa. When party of second part has paid to party of first part one note of $1,100 also two notes held by First National Bank one of $433.17 and balance

on one of $3,090.00 of $972.05.   This agreement holds good to on or before March 1st, 1915.

"[Signed]   F. E. Boyd
"[Signed]   George Kaldenberg."

The court permitted appellee to testify to the conversations and transactions with appellant leading up to and culminating in the assignment of the contract and the execution of the conveyance by Davis of the farm to appellant, and of the written instrument above set forth.

It is now urged by appellant that this evidence, together with that of other witnesses, of like effect, was admitted in violation of the parol-evidence rule, which forbids the introduction of parol testimony to vary or alter the terms of a written instrument.   The difficulty with this contention by counsel is that no part of the transaction covered by the parol testimony of appellee and the other witnesses was reduced to writing, and it could be shown in no other way.   It did not tend to vary or alter the terms of the written contract between appellee and Davis, or of the agreement of February 2d.   It was offered for the purpose of showing that the title was taken in the name of appellant as security only, and that the deed from Davis to him was intended, as between the parties hereto, to have that effect.   The evidence was clearly admissible for that purpose. *McRobert v. Bridget,* 168 Iowa 28; *McGuire v. Halloran,* 182 Iowa 209; *Keeline v. Clark,* 132 Iowa 360.   It did not tend in any way to vary, alter, or add to the writing quoted above.   It does not, on its face, purport to grant only an option to appellee to repurchase the farm, nor is the matter covered by the parol evidence included therein.   On the contrary, it affords some support to appellee's contention that the title was taken in the name of appellant as security only.   Included in the items of indebtedness which appellee agreed to pay are two notes in favor of the First National Bank.   Payment of these notes was clearly secured by the conveyance of the farm to appellant. With the questions of fact, we have, however, nothing to do.   It is manifest that the court did not err in admitting parol evidence of the transactions and negotiations which preceded the execution of the writing of February 2d.   The rule under which

this evidence was received is too well settled to require further discussion or citation of authority.

II.   Appellant further argues that the verdict of the jury for one dollar in favor of appellee was, in legal effect, a verdict for the defendant, and that, as a verdict in his favor has ample support in the evidence, the court erroneously sustained appellee's motion for a new trial.

2. NEW TRIAL: discretion of court: setting aside supported verdict.

Granting the premises, a reversal does not necessarily follow.   The motion was based upon several grounds, and was, so far as the record shows, sustained generally.   Complaint was made in the motion of certain instructions given to the jury by the court on its own motion, after the cause had been submitted, and the jury had been deliberating for several hours.   In sustaining a motion for a new trial, the trial court exercises a large discretion, and its ruling will be interfered with only when it is in abuse thereof.   The court may, when it came to consider the motion for a new trial, well have doubted the propriety of the instructions referred to. We cannot say, notwithstanding that the evidence may have warranted a verdict in favor of the defendant, that the court abused its discretion in setting aside the verdict of the jury.

The only other question likely to arise upon a retrial is whether the action is barred by the statute of limitations.   We do not think it is.   Appellee's cause of action is not based upon contract, but upon the alleged wrongful sale of the farm and the conversion by appellant of the net proceeds derived therefrom.   The farm was not sold until 1918, and the petition was filed September 22, 1920.   It is our conclusion that the judgment of the court below should be, and it is,—*Affirmed.*

3. LIMITATION OF ACTIONS: wrongful conversion.

PRESTON, C. J., WEAVER and DE GRAFF, JJ., concur.