DELIA M. NEILLY, Appellee, v. JOSEPH M. HENNESSEY et al., Appellants.

No. 38792.

June 26, 1928.

Rehearing Denied October 30, 1929.

*James E. Remley,* for Laura Fouch, George Hennessey, and Geraldine Minnis, appellants.

*C. J. Cash,* for Joseph M. and Nellie Hennessey, appellants.

*Doxsee & Doxsee,* for appellee.

STEVENS, C. J.—Elizabeth Hennessey, unmarried, died suddenly at Monticello, intestate, February 7, 1926, seized of the legal title to Lots 240 and 241 in said city. The plaintiff, appellee, is her sister, and the defendants the children of a deceased brother. It is agreed by all parties that appellee and her husband, S. P. Neilly, purchased the above described property of Ella T. Skelley for a consideration of $1,100; that, on February 22, 1917, they conveyed the same to P. D. Bell; and that, on or about September 8, 1922, Bell conveyed the same to Elizabeth Hennessey. It is the claim of appellee that the conveyance to Bell was for the sole purpose of securing him against loss as surety on a bond executed by S. P. Neilly, as principal; that the conveyance from Bell to Hennessey was without consideration, and in pursuance of an oral agreement between appellee and Elizabeth Hennessey that the latter would take the title, improve the property, and receive the rents and income therefrom until fully reimbursed for all expenditures made by her, when the title would be reconveyed to appellee. Subsequent to the death of Elizabeth Hennessey, Bell was appointed administrator of her estate, and at his solicitation and

request, quitclaim deeds conveying the undivided interest in the property in controversy to appellee were executed by the defendants and their wives, except Joseph M. Hennessey. The defendants filed cross-petition, alleging that the quitclaim deeds executed by them were obtained by fraud on the part of Bell, and asking that the same be canceled and set aside. The court sustained the allegations of the petition, quieted title in appellee, subject to the payment of a certain balance found to be due the estate, and canceled and set aside the quitclaim deeds, so as to permit each of the defendants to receive their full share from the estate.

The testimony introduced on behalf of appellee was to the effect that Elizabeth Hennessey paid no consideration for the property on which a residence was situated; that she purchased an old residence, had the same moved upon a vacant lot, and repaired the same at her own expense; that she rented the two residences at a substantial monthly rental; that the rent was paid to and retained by her; that she paid the taxes and exercised the usual and ordinary acts of ownership. Several witnesses testified to conversations with Elizabeth Hennessey, in which she stated that the property belonged to appellee. One or more of the same witnesses testified that she heard the oral agreement between appellee and Elizabeth Hennessey, and that it was substantially as claimed by her. The only contradiction of the foregoing testimony is that of George Hennessey, to the effect that both Elizabeth Hennessey and S. P. Neilly told him that deceased was the owner of the property, and other conversations, all of which were denied.

The expenditures made by Elizabeth Hennessey on the property, together with interest at 6 per cent from the date thereof, were $2,899.24. The rent received by her, with interest thereon, was $2,674.50, leaving a balance of $224.74 unpaid. The decree required, and payment was made, of this amount by appellee to the administrator. Two of the smaller items of expenditure were estimated.

Notwithstanding the suspicion which usually characterizes transactions of the character indicated, the evidence introduced on behalf of appellee quite conclusively sustains her claim to the ownership of the equitable title to the property. The question, therefore, at this point becomes one of law.

Appellee, of course, concedes that an express trust cannot be ingrafted upon a conveyance of real property by parol. Avoidance of Section 10049, Code of 1924, which requires declarations or creations of trust in real property to be by an instrument in writing, and of the statute of frauds, Section 11285, is sought by appellee upon two grounds: namely, that the alleged oral trust was admitted by the grantee, and that the same was substantially performed during her lifetime; and, second, that the deed is shown by the evidence to have been intended by the parties as security only, and, therefore, must be construed as an equitable mortgage. Many cases are cited by counsel on both sides to sustain their respective contentions. In view, however, of numerous prior pronouncements of this court, they need not be reviewed at length. It has been repeatedly held by this court that an oral express trust in real property is not void, but provable only by an instrument in writing. The rule thus stated is no more firmly established than are the rules that the admission of the trust by the grantee or the full or partial performance thereof takes the transaction out of the statute, and permits proof by parol both of the fact of the admission and of the performance. *Johnston v. Jickling,* 141 Iowa 444; *Schurz v. Schurz,* 153 Iowa 187; *McCormick H. M. Co. v. Griffin,* 116 Iowa 397; *Ratigan v. Ratigan,* 181 Iowa 860; *Nolan v. Guggerty,* 187 Iowa 980; *Sheffield Milling Co. v. Heitzman,* 192 Iowa 1288. Likewise, a warranty deed may be shown by parol to have been intended by the parties as a mortgage. *Bigler v. Jack,* 114 Iowa 667; *King v. Cole,* 188 Iowa 562; *Kaldenberg v. Boyd,* 196 Iowa 133; *Fort v. Colby,* 165 Iowa 95.

By the oral agreement between the parties, Elizabeth Hennessey was to fix up the property, to purchase a house known as the Coyle house, and have the same moved upon the vacant lot and repaired at her own expense, in consideration of the receipt by her of the rents and income therefrom, until fully reimbursed for all of her expenditures.

The evidence shows that S. P. Neilly, who is a contractor, furnished material and assisted in the repair of the Coyle house without compensation. It is further shown that Elizabeth Hennessey on divers occasions admitted that she was to hold the title to the property until the expenses incurred by her in the purchase of the house and its repair were fully paid. Under

the facts established by the evidence, it would seem to be quite immaterial which of the above well established rules are applied. The result must be the same.

We have not overlooked the relationship of the witnesses to appellee, nor their interest in the outcome of the litigation. Neither their relationship nor interest disqualified them as witnesses, and their testimony is practically without contradiction. The fact that it was impossible for appellants to produce witnesses who could give contrary testimony has been given its proper weight in weighing their testimony. Without further discussion, we conclude that the decree has full support in the testimony, and it is, therefore, affirmed.—*Affirmed*.

DE GRAFF, ALBERT, MORLING, and WAGNER, JJ., concur.