L. A. ANDREW, State Superintendent of Banking, Appellant, v. STATE BANK OF BLAIRSBURG, Defendant; STATE BANK OF WILLIAMS et al., Appellees.

No. 40224.

MARCH 18, 1930.

*R. G. Remley,* for appellant.

*Burnstedt & Hemingway,* for State Bank of Williams, appellee.

*F. J. Lund,* for F. J. Lund, appellee.

WAGNER, J.—On June 6, 1928, L. A. Andrew, superintendent of banking, was appointed receiver of the State Bank of Blairsburg. At the closing of the bank, and for many years prior thereto, J. W. McNee was its cashier. At  the time of the transaction hereinafter referred to, B. H. Gish was heavily in debt, and his real estate extensively covered by mortgages and judgment liens. He was indebted to the State Bank of Blairsburg in the amount of $9,240; to the claimant the State Bank of Williams in the amount of $1,900; and to the

claimant F. J. Lund in the amount of $1,500. He was also indebted to Mrs. Olson and a Mr. Fowler, who are not now interested in this controversy. Foreclosure suits relative to secured indebtedness of Gish were either pending or threatened. In an effort to stem the tide of litigation and loss, on March 29, 1926, he executed unto McNee a warranty deed for three quarter sections of real estate in Hamilton County, Iowa. As a part of the transaction between Gish and McNee, there was an oral agreement, providing, in substance, that McNee was to hold the title to the real estate in trust for the following purposes: that he should finance the matters to the best of his ability, and take care of the judgments and foreclosures, pay the interest and taxes, sell the land, and apply the proceeds, other than what was required for the payment of the liens, interest, and taxes, *pro rata* upon the indebtedness of the creditors hereinbefore mentioned, and any excess to Gish. McNee paid nothing for the aforesaid deed. He engaged in the faithful performance of his duties as trustee. He has disposed of two quarter sections of the land, and applied the proceeds in strict accordance with the arrangement between him and Gish. Of the property thus coming into the hands of McNee there are remaining a quarter section of land and a $4,000 note and contract, which is a portion of the selling price of another part of the real estate conveyed by Gish to McNee. McNee never claimed any interest in the land; has frankly admitted the entire transaction, and that the real estate was conveyed to him for the benefit of the State Bank of Blairsburg and the other creditors hereinbefore mentioned. It appears that, in the spring of 1928, the bank was in failing circumstances, and one Lettow, from the state banking department, took supervision of the bank for a time, prior to the appointment of a receiver; and he prevailed upon McNee to execute unto the bank of Blairsburg a deed for the remaining quarter section of land, and to transfer to said bank the $4,000 note and contract. There was no consideration passing from the bank to McNee, and both Lettow and the directors of the bank were fully informed as to the trust arrangement by which McNee held the title. It cannot be claimed that the bank was an innocent purchaser for value of this property; for it paid nothing therefor, and had actual notice of the trust arrangement as between McNee and Gish. Therefore, the bank holds no better

title to the property than did McNee. See *Ratigan v. Ratigan,* 181 Iowa 860.

Appellant relies upon the statute of frauds and Section 10049 of the Code, 1927; which provides that declarations or creations of trusts in relation to real estate must be executed in  the same manner as deeds of conveyance. But it is a well recognized rule that parol evidence is admissible where the trust is admitted by the grantee, or where the same has been wholly or partially performed; and such is the situation as revealed by the record in this case. See *Neilly v. Hennessey,* 208 Iowa 1338; *Ratigan v. Ratigan,* 181 Iowa 860; *Johnston v. Jickling,* 141 Iowa 444. The evidence is overwhelming, and there can be no doubt of the trust assumed by McNee. He at all times conceded the trust and acted under it.

It appears that, on June 8, 1928, the court fixed the limit of time for the filing of claims in the receivership as September 12th of that year. On September 10th, Gish filed his claim, which was joined in by Lund; and on October 29th, the two jointly filed exceptions to the report of the receiver. On the day of trial, Lund filed additional objections, which the receiver moved to strike. The appellant alleges that the court erred in not overruling said motion. We fail to find from the record any ruling by the court on said motion. Neither does the record disclose any time fixed for the filing of exceptions. In this condition of the record, there is nothing at this point about which the appellant can complain.

The appellant complains because the court refused to allow him any compensation for his services in looking after the trust property. His own testimony reveals that the service thus far rendered is inconsequential in character. We are not disposed to interfere with the decree in this respect.

The appellant complains that the court erred in filing for record the judgment entry after the close of the term at which the case was tried. The case was tried at the February term of court.  court. The next succeeding term of court began on the 15th day of April, 1929. It is shown that the case was determined by the court on April 3d, the 30th day of the February term of court. The entry of the court's decision appears upon

the court calendar on that date, and it is also shown as of that date in the "Appearance Docket;" while the decree was signed, filed, and entered of record after the adjournment of the February term. The findings and decision of the court rendered at the February term directed the attorneys for the claimants to prepare an order in conformity therewith. The appellant in his argument concedes that his objection is technical. We will add that it is without merit. See *Burke v. Burke,* 142 Iowa 206.

The trial court decreed that the contract and note in the sum of $4,000, together with all the rents collected by the receiver upon the quarter section of land still undisposed of, are held by the receiver as a trust fund for the benefit of the State Bank of Blairsburg, with its claim established at $9,240, the State Bank of Williams, with its claim established in the sum of $1,900, and F. J. Lund, with his claim established at $1,500, and that said parties are entitled to participate *pro rata* in the collections of said contract, note, rents, and profits from the real estate; that the receiver shall be allowed to deduct from the amount so collected, the interest and taxes paid, and for any actual expenses incurred in the renting of said premises; and that the receiver shall account to the State Bank of Williams and to F. J. Lund for their *pro rata* share of the amounts on hand and the amounts which the receiver may hereafter collect from said funds, on the basis hereinbefore set forth.

We have considered all of the contentions urged by the appellant, and find no merit therein. The decree of the trial court is hereby affirmed.—*Affirmed.*

MORLING, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.