SWEENEY V. O'HORA.

1. **Statute of Frauds:** PART PERFORMANCE: EVIDENCE. Parol evidence is admissible to prove a contract for the sale of realty when it has been established that the party to be charged has received rent for the same under claim of ownership based upon the sale.

2. ———: ———: PREPONDERANCE OF EVIDENCE. While the acts relied upon to constitute part performance must be referable exclusively to the contract, it is nevertheless sufficient if their connection therewith be established by a preponderance of evidence.

3. **Contract:** MUTUALITY. The obligation to perform a contract is mutual and both parties must be bound thereby or both will be released.

4. ———: SPECIFIC PERFORMANCE: EQUITY. Although the specific execution of agreements rests within the discretion of the court, yet this will be exercised, as far as may be, in obedience to general rules and recognized principles.

*Appeal from Wapello District Court.*

TUESDAY, APRIL 18.

IN November, 1870, Michael Pearson was the owner of three forties of land, lying in the form of a rectangle. The plaintiff purchased thirty acres off from the east side, and ten acres off from the west side of this tract. The defendant purchased the intermediate eighty acres. On the west line of the west ten acres, purchased by plaintiff, was an entrance to a coal bank. There was no other entry to the coal on any other part of the land.

The plaintiff and defendant each paid Pearson the same price per acre, the plaintiff paying five hundred dollars and the defendant paying one thousand dollars, and each receiving a separate deed for his respective portion.

The plaintiff claims that there was a parol contract between him and defendant, that the plaintiff should convey to the defendant an undivided two-thirds of the coal underlying plaintiff's forty acres; and the defendant was to convey to the plaintiff an undivided one-third of the coal underlying defendant's eighty acres, thus making them joint owners of the

coal under the three forties, in the proportion of one-third to plaintiff and two-thirds to defendant.

The defendant denies that there was such a contract, but he says that he at one time declined to purchase any of the land for the reason that the division proposed was not a fair one, and that the plaintiff agreed with him that if defendant would purchase the eighty as above described, the plaintiff would convey to him an undivided two-thirds of the coal in the west ten acres where the entry was. Two years after these parties purchased the land, the plaintiff demanded a deed from defendant for an undivided one-third of the coal in the defendant's eighty, and tendered the defendant a deed for an undivided two-thirds of the coal in the plaintiff's forty. The plaintiff brings this action to enforce the specific performance of the contract as claimed by him. In addition to his denial of the contract, the defendant pleads the statute of frauds. The court decreed a specific performance as prayed. Defendant appeals.

*Stiles & Burton*, for appellant.

An act under a parol contract must be of such a nature, in order to take the case out of the statute as a part performance, that it could not have been done except with reference to the contract. (*Ellis v. Ellis*, 1 Dev. Ch., 180.) The contract must be clearly proved and the act must be in part performance of the particular contract. (*Phillips v. Thompson*, 1 Johns. Ch. 131; *Williamson v. Williamson*, 4 Iowa, 279.) To constitute a part performance, the plaintiff should have taken possession of defendant's property. (*Glass v. Hulbert*, 102 Mass., 24.) The acts done must have been referable solely to the contract, and the latter must have been clearly established. (1 Story's Eq., § 764.) The ground on which courts of equity have interfered to enforce parol contracts for the sale of lands, which have been partly performed, has been to furnish remedies against fraud and not because the contracts, as such, were binding on the parties. (*Jacobs v. R. R. Co.*, 8 Cush., 223; *Kidder v. Hunt*, 1 Pick., 328.) The specific execution of

agreements rests within the discretion of the court. (*Rudolph v. Covell*, 5 Iowa, 525; *Young v. Daniel*, 2 Id., 126; *McDaniel v. Whitney*, 38 Id., 60.)

*H. B. Hendershott*, for the appellee.

The court will refuse to decree specific performance only when there is uncertainty or ambiguity in the contract. (*Whitney v. McDaniel*, 38 Iowa, 70.) The contract being clearly established, possession having been taken under it, and part of the consideration paid and received by defendant, plaintiff is entitled to a decree for specific performance. (*Young v. Tucker*, 39 Iowa, 600.)

DAY, J.—The parol testimony clearly establishes the contract as claimed by plaintiff. The plaintiff's testimony, as to the terms of the contract, is clear and positive, and he is corroborated with more or less directness and force by the testimony of six witnesses. The defendant denies that the contract was made as claimed by plaintiff, and with equal positiveness testifies that its terms were as set up by him in his answer. He is corroborated solely by the testimony of his wife. The preponderance of the testimony is very clearly and satisfactorily in favor of plaintiff. The only question is whether or not any of this testimony can be admitted and considered under the provisions of sections 3663–3666 of the Code, which are a substitute for the provisions known as the Statute of Frauds.

It is conceded by appellee that parol evidence cannot be admitted, and that consequently this contract cannot be enforced, unless the parties have done some act 1. STATUTE of frauds: part performance: evidence. which will remove the inhibition of such testimony.

The testimony shows that the right to use the shaft and to mine coal from the ten acres of plaintiff was, with the concurrence and assent of defendant, granted to Michael and James Weir, and that for this use of plaintiff's premises the defendant received from thirty to sixty-five dollars, the defendant admitting the receipt of the former sum, and the

plaintiff testifying that defendant received the latter sum. The proof shows that the plaintiff and the defendant went together to the Weirs for the rent, and received it from them. This evidence establishes possession and acts of control on the part of defendant over an interest in the premises of plaintiff.

It is claimed upon the part of appellant, however, that this possession is just as consistent with the defendant's claim respecting the contract, as with that of plaintiff, and that hence the possession is not unmistakably referable to the contract as claimed by plaintiff.

2. ——: ——; preponderance of evidence.

It is true the defendant testifies that he was to have two-thirds of the coal in this ten acres of plaintiff's, under another arrangement, for the purpose of rendering the division of the land more nearly equal, and that the possession assumed by defendant is as consistent with his testimony as with that of plaintiff. It is also true that in order to take a case out of the operation of the Statute of Frauds, upon the ground of part performance of a parol contract, it is indispensable that the acts done should be referable exclusively to the contract: Story's Equity Jurisprudence, sections 762–764, and cases cited; *Phillips v. Thompson*, 1 Johnson's Ch., 131; Fry on Specific Performance, section 384; *Harris v. Knickerbocker*, 5 Wendell, 638. But this does not mean that there should be an entire absence of conflict in the testimony. If this were so, the party against whom the specific performance is sought could almost always defeat the plaintiff by setting up some other contract, to which the acts of part performance might be referred, and by producing some evidence, although opposed to the decided and clear preponderance of the evidence, to support such contract. This case furnishes a striking and apt illustration. The possession by defendant of an interest in plaintiff's coal mine is clearly proved and is conceded. The plaintiff testifies that defendant obtained this possession under an agreement that plaintiff was to convey to defendant two-thirds the coal in forty acres of land, and defendant was to convey to plaintiff one-third of the coal in eighty acres of land. The defendant testifies that he obtained this possession

under an agreement that defendant was to have two-thirds the coal in plaintiff's ten acres, in order to make the division of the land more equitable. Either theory fully accounts for the possession. The plaintiff is corroborated by six witnesses; the defendant by one.

Now, it is claimed, notwithstanding this decided preponderance in favor of plaintiff, that because the possession might have been taken under the agreement as claimed to exist by defendant, it is not solely referable to the contract contended for by plaintiff, and that all parol evidence of the agreement must be rejected. This cannot be the true rule.

If the acts relied upon are of a doubtful or equivocal character, and may have been done with other views than as part performance of an agreement, then they do not take the case out of the operation of the statute. But where, as in this case, the acts are done pursuant to, and in part performance of some agreement, and the sole question is whether they are done in performance of the contract as claimed by defendant, or in performance of the contract as claimed by plaintiff, then the question must be resolved by the preponderance of the evidence.

Appellant insists, however, that the fact that defendant has taken possession of plaintiff's coal bank will not enable plaintiff to enforce the contract, but that, to that end, plaintiff should have taken possession of defendant's bank. But the obligation of a contract must be mutual. Both parties must be bound or neither party is bound. Appellant's theory is that only the party who takes possession can enforce the contract. Suppose A. and B. enter into a parol agreement for the exchange of farms, A. takes possession of B's. farm under the contract, but B. does not take possession of A's. farm. It cannot be that A. can compel a specific performance on the part of B., but at the same time A. cannot be compelled to perform by B.

3. CONTRACT: mutuality.

It is urged, further, that the specific execution of agreements rests in the sound discretion of the court, and that, in the exercise of that discretion, a specific performance should not be decreed in this case. Citing

4. ———: specific performance: equity.

1 Story's Eq., Sec. 742, and cases cited; *Rudolph v. Covell*, 5 Iowa, 525; *Young v. Daniels*, 2 Iowa, 126; *Austin v. Miller*, 18 Iowa, 403; *Richmond v. Dubuque R. R. Co.*, 33 Iowa, 432, and other cases.

The discretion to be exercised is not an arbitrary or capricious one, but one governing itself, as far as may be, by general rules and principles. In *Rudolph v. Covell, supra*, it is said that it is always desirable to make the least draft which is possible upon this undefined power of discretion, and to determine causes upon established rules.

In this case the agreement has regard to an interest in real estate; it has been partly performed, and its terms are satisfactorily established and are clearly defined. The contract is not shown to be unconscionable or unreasonable. We know of no legal principle upon which a specific performance of it should be refused. The decree of the court below is

AFFIRMED.