136   659
f138   421

136   659
f142   172

JOSEPHINE POWERS ET AL., Appellants, v. W. S. CRAN-
DALL, ADMR. ETC. ET AL., Appellees.

**Real property:** CONTRACT FOR SUPPORT: STATUTE OF FRAUDS. A pa-
rol contract by which at his death the owner agrees to bestow
his real estate upon another, in consideration of his care and
support during life, is not within the statute of frauds, but is
enforcable in equity.

**Evidence:** TRANSACTION WITH A DECEDENT. A party to a suit to
establish an oral contract to convey land may testify to a
conversation between the deceased owner and a coparty, in
which he took no part.

**Contract for support:** EVIDENCE. Evidence held sufficient to show
an oral agreement to convey land in consideration of support
rather than one to make a will.

*Appeal from Linn District Court.*— HON. W. G. THOMP-
SON, Judge.

MONDAY, MAY 20, 1907.

REHEARING DENIED, MONDAY, DECEMBER 16, 1907.

ACTION in equity to establish and quiet title to real
estate. The case is stated in the opinion. There was judg-
ment dismissing the petition and for costs, and the plain-
tiffs appeal.— *Reversed* and *remanded.*

*Rickel, Crocker & Tourtellot,* for apellants.

*J. M. Thompson* and *Clark & Clark,* for appellees.

BISHOP, J.— The property in question is situated in
the city of Cedar Rapids, Linn county, and J. B. Graves
died seised thereof in April, 1905. At the time of his
death said Graves was unmarried, and he left no direct
heirs. The plaintiff Josephine Powers was a niece of said

Graves, and the other plaintiffs, John E., G. C., and R. E. Powers, are her sons. The defendant Crandall is administrator of the estate of said Graves, and the other defendants are collateral heirs. The property had been the home place of Graves before his death, and it is conceded that for many years the plaintiff Josephine Powers, with her said children, had made their home with him. The contention of plaintiffs is that some time prior to the year 1904 an arrangement was entered into whereby it was agreed on their part that they would care for, support, and maintain said Graves during the remainder of his natural life, in consideration of which said Graves .agreed that upon the happening of his death the property in question should pass to and become the property of plaintiffs in full right and title. Plaintiffs allege that they took possession under said arrangement and agreement, made improvements, and that they carried out their agreement in all respects up to the time of the demise of said Graves. And it is upon the facts thus pleaded that the prayer for relief is predicated. The defendants deny the agreement pleaded by plaintiffs, and deny that the latter ever went·into, or had possession of the property, or occupied any other relation than that of members of the family of Graves, and dependent upon him for support.

We have frequently held that an oral contract in character such as is here alleged is enforceable in equity; there being proper proof of the making thereof, and of performance on the part of the party claiming thereunder. Among the cases are the following: *Franklin v. Tuckerman,* 68 Iowa, 572; *Flower v. Cruikshank,* 77 Iowa, 110; *Soper v. Galloway,* 129 Iowa, 145. Accordingly, we have no more to deal with than the questions of fact arising out of the issue. Our reading satisfies us that the evidence fairly warrants a finding in favor of the contract alleged by plaintiffs, and of performance thereof on their part. As the court below ar-

1. REAL PROPERTY: contract for support: .statute of frauds.

rived at the opposite conclusion, we shall, without going very far into the details, make statement of the evidence in our own way sufficient to indicate the grounds of our judgment.

Graves was a cripple, having lost a leg early in life, and at the time of his death was about seventy years of age. In earlier years he had been a contractor, but as old age

**2. EVIDENCE:** transaction with a decedent.

came on he abandoned that business. He then took to selling a patented article, going about the streets of the city for the purpose, and this he continued to do until within a few years of his death, when to all intents and purposes his activities ceased. The property in question was substantially all of which he died seised, and that does not appear to be of any considerable value. Two of the plaintiffs, G. C. Powers and R. E. Powers, testified that they were present at a conversation between Graves and their mother, in which conversation they took no part, and that in the course thereof an agreement was entered into substantially as alleged in the petition. To these witnesses the defendants objected as incompetent to testify under the provisions of Code, section 4604, because of their being plaintiffs and interested parties. That the objection was not well taken is clear under the rule of our former cases. *Erusha v. Tomash,* 98 Iowa, 510; *Mallow v. Walker,* 115 Iowa, 239.

In addition to this, several disinterested witnesses testified to conversations with Graves during his later years, and when he had ceased to be active, and they quote him as

**3. CONTRACT FOR** SUPPORT: evidence.

saying that he had made an arrangement with plaintiffs by which they were to support and care for him during his remaining years, and that on his death the property left by him was to go to and belong to them. To our minds, the evidence to show that the agreement was entered upon and carried out is abundant. The boys — then nearly if not quite men grown — were regularly employed, and they brought home their

earnings and gave the same to Graves, who it would seem acted as an executive head of the household. Meanwhile the mother of the boys continued to perform all the duties incident to housewifery, including the care of the garden, poultry, etc. Some repairs and improvements were put on the property, and it appears from evidence, either competent in itself or not objected to, that these came from the labor and money furnished by the boys. To a number of his friends, as testified to by them, Graves stated that he was being well cared for by plaintiffs, and that he was pleased at being relieved of the responsibilities of life. The evidence thus appearing in the record is practically uncontradicted. It is true that up to the time of his death Graves exercised more or less control over the property; but that is not controlling, inasmuch as the agreement relied upon had relation only to the property as it existed at the time of death.

The contention is also made by counsel for appellee that the agreement, conceding one to have been made, was in fact no more than an agreement to make a will, and hence an action in this form cannot be maintained. We do not so read the record. It does appear that before his death Graves had spoken of making a will, and it may be true that he intended to carry the arrangement into more complete effect in that way. But no agreement to that end is claimed by plaintiffs or established by the evidence. Conceding the intention on the part of Graves to make a will, his failure to do so could not have effect to destroy the validity of the contract on which plaintiffs rely, and which, as we think, they have proven. As supporting our conclusion for a reversal of the judgment, see, in addition to the cases already cited, *Drefahl v. Bank,* 132 Iowa, 563; *Brown v. Sutton,* 129 U. S. 238 (9 Sup. Ct. 273, 32 L. Ed. 664). A full collection of the cases on the subject will also be found in 26 Am. & Eng. Ency. 93. As the contract pleaded has been established, and as such contract by reason of part

performance does not fall under the ban of the statute of frauds, it follows that plaintiffs should have been awarded a decree as prayed.

The judgment is reversed, and the case is ordered remanded to the court below for a decree in harmony with this opinion.— *Reversed.*