HINRICH HAGEDORN, Appellant, v. GUS HAGEDORN et al., Appellees.

**FRAUDS, STATUTE OF:** Part Payment—Discharge of Pre-Existing
1 **Debt.** An oral agreement for the purchase of real estate is not taken out of the statute of frauds by an *exclusively oral agreement* to indorse on the purchase price the amount of a pre-existing indebtedness owed by vendor to the purchaser.

**FRAUDS, STATUTE OF:** Proof by Oral Testimony of Maker. Un-
2 written contracts within the statute of frauds are enforcible when

established by the oral testimony of the maker, against whom they
are sought to be enforced.

*Appeal from Audubon District Court.*—EARL PETERS, Judge.

JUNE 23, 1922.

REHEARING DENIED SEPTEMBER 23, 1922.

ACTION to quiet title. Defendant pleaded that he had pur-
chased the real estate in question of the plaintiff by oral con-
tract, under which he had taken possession, and had made
permanent improvements. Plaintiff, by reply, alleges that de-
fendant's possession of said real estate was as a tenant only,
and pleads that the alleged contract of purchase was void, under
the statute of frauds. The trial court entered a decree dismiss-
ing plaintiff's petition, and he appeals.—*Affirmed.*

*O. W. Emmons* and *Thomas H. Smith,* for appellant.

*Douglas Rogers,* for appellees.

FAVILLE, J.—Appellant is the father of the appellee. The
suit involves 200 acres of land, the title to which stands in the
name of the appellant, said title having been acquired about
the year 1906. The appellant at one time owned about 970 acres
of land, and had sold a considerable portion of it. He had been
a farmer, but for several years had resided in the town of Audu-
bon. He is a widower, with eleven living children.

The appellee moved on the farm in question in the spring
of 1906, and has lived there ever since. For the first twelve
years, he held possession of said farm as a tenant, without any
written leave, and without giving any notes for the rent; but it
appears that he paid cash rent, from year to year, in varying
amounts, and that he paid a rental which was the average for
similar farms in that locality.

It is appellee's contention that, on the 22d of April, 1918,
he had a talk with his father, the appellant, in regard to the
purchase of said farm, and that he did at said time purchase the
land of his father by oral agreement, for the sum of $225 an

acre. It is his contention that, prior to that time, he had put improvements on said farm that had cost him in excess of $1,000; and that, at the time of the said oral agreement of sale, it was mutually agreed that the value of said improvements so made by the appellee should be fixed in the sum of $1,000; and that appellee should be credited therefor upon the purchase price of said farm; and that he should pay the appellant $4,000 on March 1, 1920, and give a mortgage back at five per centum for the balance of the purchase price.

The appellee contends that he was to receive possession under said contract of purchase on March 1, 1919, and that he took and held possession after that date. He claims that he made permanent and lasting improvements upon said premises, to the knowledge of the appellant. He tendered payment of the amount due on said contract on March 1, 1920, which payment was refused.

I. It is conceded by all parties that no writing whatever passed between the parties hereto in regard to the sale of the farm in controversy. The appellant pleaded and now insists upon the provisions of the statute of frauds.

1. FRAUDS, STAT-
UTE OF: part
payment: dis-
charge of pre-
existing debt.

The transaction in question comes plainly under the fourth subdivision of the statute of frauds (Code Section 4625), which provides that no evidence of any contract for the creation or transfer of any interest in land is competent unless the same be in writing and signed by the party charged, or his authorized agent. Code Section 4626 makes certain exceptions to the statute of frauds, and, so far as pertinent to the instant case, the exception is as follows:

"Nor do those [provisions] of the fourth subdivision apply where the purchase money, or any portion thereof, has been received by the vendor, or when the vendee, with the actual or implied consent of the vendor, has taken and held possession thereof under and by virtue of the contract, or when there is any other circumstance which, by the law heretofore in force, would have taken the case out of the statute of frauds."

The first question that confronts us is whether the alleged oral contract in question, for the sale of the farm, is removed from the statute of frauds by reason of any of the exceptions

thereto above noted.   Our initial inquiry is whether or not "the purchase money, or any portion thereof, has been received by the vendor."

It is conceded by all parties that no money was in fact paid to the vendor.   It is contended, however, that, at the time of making the contract, the vendor was indebted to the vendee for improvements that had previously been made upon said premises by the vendee while he was occupying the same as a tenant; and that, at the time of the making of the alleged oral contract of purchase, it was agreed that the said indebtedness, in the amount of $1,000, should be discharged as a part of said purchase price.   No writing of any kind was executed to evidence the said discharge of said indebtedness, nor is there any evidence that any entry was made in any book of account or in any other manner respecting the same.

The question at this point is whether or not an oral agreement to discharge an existing indebtedness, where no receipt, book entry, or other written evidence of the same is made, is sufficient to meet this requirement of the statute of frauds.   The provisions of the statute respecting part payment of the purchase price, in regard to contracts for the sale of real estate, are identical, in effect, with the provisions of the statute of frauds respecting part payment of the purchase price under oral contracts for the sale of personal property.

In the case of *Scott v. Mundy & Scott*, 193 Iowa 1360, we had under consideration this identical question, as applicable to the sale of personalty.   We therein reviewed the authorities, and held that an agreement to discharge a pre-existing debt is a sufficient part payment to remove a parol contract from the provisions of the statute of frauds, but that the discharge of such pre-existing debt, in order to be available as proof of part payment under the statute of frauds, must be evidenced in some manner by written receipt, memorandum, book entry, or other writing, so that it does not rest wholly in parol.

It is unnecessary that we repeat the discussion of the question as set out in the opinion in said case, or again review the authorities bearing on the question.   We reaffirm the pronouncement made in the *Scott* case, and hold that the oral agreement between the vendor and vendee, to discharge a pre-existing debt

as a part of the consideration for the purchase and sale of the real estate in controversy, is a sufficient part payment to comply with the conditions of the statute of frauds respecting the sale of real estate; but that, in order that the discharge of such pre-existing debt may be available as proof of part payment under the statute of frauds, such discharge must be evidenced in some manner by writing, so that it does not rest wholly in parol.

Applying this rule to the instant case, there is an entire want of any written evidence whatever in regard to the discharge of the pre-existing debt. Therefore, there is a want of legal proof of a payment of part of the purchase money, to meet the requirements of the statute of frauds. The first exception to the statute, therefore, does not apply.

II. The case, however, does not rest at this point. The appellant was a witness upon the trial of the case, and a careful examination of his testimony convinces us that it is sufficient

2. FRAUDS, STAT-
UTE OF: proof
by oral testi-
mony of maker.

to establish the contract of purchase, as claimed by the appellee. The appellant is a German, and does not speak the English language readily, and for this reason his testimony is not as clear and concise as it might be; but we think it satisfactorily appears therefrom that the appellant did agree to sell the farm to the appellee. It is contended that by his conversation the appellant made only a conditional offer to sell, within a period of two years, upon being paid $4,000 cash. We are satisfied from the entire record that appellant's evidence is quite sufficient to establish the oral contract of purchase, as claimed by the appellee. This obviates the statute of frauds. *Smith v. Phelps,* 32 Iowa 537; *Byerlee v. Mendel,* 39 Iowa 382; *Dewey v. Life,* 60 Iowa 361; *Marks v. McGookin,* 127 Iowa 716; *Olsen v. Peregoy & Moore Co.,* 182 Iowa 889.

The appellee's contention in this regard is substantially corroborated by other circumstances shown in the record. After the contract was made, the appellant made no attempt to pay the taxes on the land in question for the year 1919, and appellee paid same. Also, after the 1st of March, 1919, the appellee made permanent improvements upon the premises. While they were of the same general character as improvements previously made by him, they were more extensive, consisting of a painting of

the buildings, placing some 9,000 tile in the ground, building a concrete feed floor, fixing the foundation to the house, repairing the cellar and cistern, and other similar improvements, all of which were done with the full knowledge of the appellant, and without any directions from him or any suggestion of a payment for the same. There is also evidence that, at the request of the appellee, the appellant notified the tiler that the appellee wished him to do the work of laying the tile on the farm, and the tiler testified that, at the time, he asked the appellant if the appellee had bought the farm, and the appellant told him that he had.

It also appears from the evidence that, at the time of the purchase by the appellee, the appellant had the farm listed for sale with a real estate man, and told the appellee to notify the agent to take the farm off the market, and that appellee did so.

Another son of the appellant's testified that the appellant told him that he had sold the farm to the appellee for $225 an acre, and that afterwards he had changed his mind, and did not care to sell the place.

Upon the entire record, we are satisfied that the appellee established the contract for the purchase of the farm, by legal and competent proof, and that the decree of the trial court is right, and that the same should be affirmed.

It is so ordered.—*Affirmed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.