JOHN DUNNICK, Appellee, v. HEINRICH HAGEDORN, Appellant.

**BROKERS:** Compensation—Ability of Purchaser to Perform Contract.
1  The fact that a landowner was familiar with the financial condition of a proposed purchaser and entered into a contract of sale with

him is material on the issue whether the broker had furnished a purchaser who was ready, able, and willing to buy on the terms proposed.

**BROKERS:** **Compensation—Avoiding Statute of Frauds.** A broker 2 suing for his compensation for effecting a sale need not avoid the statute of frauds as between the purchaser and the seller.

**EVIDENCE:** **Judicial Notice—Decree in Supreme Court.** The Supreme 3 Court will take judicial notice of a final decree which is of record in said court, and which affects litigation pending therein.

**TRIAL:** **Instructions—Exceptions in Motion for New Trial.** It is quite 4 futile for an appellant to assert in a motion for a new trial that he excepted to an instruction when it was given, when the trial record reveals no such exception.

*Appeal from Carroll District Court.*—E. G. ALBERT, Judge.

DECEMBER 11, 1923.

ACTION at law, for the recovery of a commission for finding a purchaser of real estate for the defendant. The defense was a general denial. There was a verdict for the plaintiff, and judgment rendered thereon. The defendant appeals.—*Affirmed.*

*Thomas H. Smith,* for appellant.

*Douglas Rogers,* for appellee.

·EVANS, J.—I. This case is closely related to that of *Hagedorn v. Hagedorn,* 194 Iowa 172, recently decided by us. The same transaction of sale of land is involved in both cases. In the cited case, the defendant herein was the plaintiff, and as such had brought a quieting-title suit against the alleged purchaser. The defendant in that case set up a claim of contract of purchase, and tendered performance, and prayed for specific performance. Final decree in that case established the contract, notwithstanding the plea of the statute of frauds interposed by the plaintiff. In the case at bar, this plaintiff brings his action as the alleged real estate agent with whom the defendant herein had listed his farm for sale, and who produced the purchaser whose claim was established by decree in the cited case. So far

as the connection of the plaintiff with the transaction is concerned, the evidence is not greatly in dispute.  Concededly, the defendant did list his farm with the plaintiff, and such listing was in effect at the time of the contract of sale between the two Hagedorns.  The evidence is also undisputed that the purchaser, though the son of this defendant, first applied to the plaintiff as a proposed purchaser, and was directed by the plaintiff to talk terms with Heinrich Hagedorn.  Terms were orally agreed upon between father and son, whereby the son was to make a first payment of $4,000 within a period of about 18 months.  Later, the father purported to treat that agreement as a mere voluntary option, which he later withdrew; whereas the son treated it as an agreement, whereby he had agreed to make payment, and whereby his father had agreed to convey.  This was the issue in the case above cited.

Two errors only are assigned for reversal in appellant's brief.  The first of these is that the plaintiff failed to show that the proposed purchaser was ready, able, and willing to buy, and especially that he failed to show that the purchaser was *able* to buy on the terms proposed.  We think the evidence was clearly sufficient to go to the jury on that question.

1. BROKERS: compensation: ability of purchaser to perform contract.

The son had been farming the farm for years, as a renter from his father.  He had been successful, and had sufficient property to meet the first payment at the time agreed upon.  He has at all times been ready and willing, and has made a timely tender of performance, which he has at all times kept good.  The fact that the father, who was familiar with the son's financial condition, recognized his ability to meet the terms by entering into a contract with him is a proper circumstance for the consideration of the jury on that issue.  There was no error at this point.

II.  The second ground assigned for reversal is that the trial court erroneously instructed the jury on the question of the statute of frauds.  This was to the effect that an agreement for an allowance of a credit by the father to the son upon an existing obligation was sufficient to take the case out of the statute of frauds.  There are two or three fatal answers to this assignment.

2. BROKERS: compensation: avoiding statute of frauds.

(1)   Even though the instruction be deemed technically erroneous, as being in conflict with our holding in *Scott v. Mundy & Scott*, 193 Iowa 1360, and in *Hagedorn v. Hagedorn*, 194 Iowa 172, yet it was still more favorable to the defendant than he was entitled to.   There was no legal burden upon the plaintiff to avoid the statute of frauds, as between purchaser and seller, in order to earn his commission by producing a purchaser ready, able, and willing to buy upon the seller's terms. The instruction was, therefore, nonprejudicial to the defendant.

(2)   It was nonprejudicial for a further reason.   If we were to hold it essential to the plaintiff's case that he avoid the statute of frauds, as between purchaser and seller, and that he

3. EVIDENCE: ju-    show a valid contract of purchase and sale, we
   dicial notice:    should take judicial notice of the decree in
   decree in
   Supreme Court.   *Hagedorn v. Hagedorn*, supra, which we have

recently affirmed, whereby the contract of purchase and sale was established as proved.   *Poole, G. & Co. v. Seney*, 70 Iowa 275. If we were to reverse, therefore, for error in the instruction on the question of the statute of frauds, we should do so knowing that, on a retrial, the defendant would encounter a decree in *Hagedorn v. Hagedorn* which would be conclusive against him on that very question.   Though such decree is not contained in this record, it was entered in the district court and affirmed here since the trial of the case at bar in the district court.   In *Poole, G. & Co. v. Seney*, supra, it was held that this court may take notice of such final decree as affecting litigation pending before us.

We hold, therefore, that the error complained of was, for such reason, without prejudice.

(3)   This assignment of error challenges an instruction. Appellee points out that the appellant failed to except to the instruction.   Appellant contends that his exception was con-

4. TRIAL: in-       tained in his motion for a new trial.   We find
   structions: ex-    nothing in the motion for a new trial which pur-
   ceptions in
   motion for        ports to be an exception to this instruction.   The
   new trial.        nearest approach to such subject which we find

in the motion for a new trial was the eighth ground of such motion, as follows:

"The court erred in the giving of each and every instruc-

tion to the jury, to the giving of which the defendant at the time excepted, and such exception was so noted by the shorthand reporter in his record.''

It will be noted that this is a mere declaration by the appellant that he had excepted to each instruction at the time it was given, and that his exception was then and there noted by the reporter. The record does not sustain the declaration.

It follows that the judgment below must be affirmed.—*Affirmed.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.