In re ESTATE OF ELLEN B. HAYER.

VERA HAYER REDENBAUGH, Appellee, v. J. C. DANIELSON, Executor, Appellant.

No. 46340.

JANUARY 11, 1944.

R. B. Hawkins, of Leon, and Herrick, Sloan & Langdon, of Des Moines, for appellant.

O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, all of Osceola, for appellee.

MILLER, J.— Ellen B. Hayer died testate February 8, 1940, at the age of eighty-one years. Her will had been executed a year previous to her death. Vera Hayer Redenbaugh, decedent's adopted daughter, contested the will on the ground of lack of testamentary capacity. On appeal to this court, the will was determined to be valid. In re Estate of Hayer, 230 Iowa 880, 299 N. W. 431. Upon the remand of the case and the probate of the will, J. C. Danielson qualified as executor. Thereupon, Vera Hayer Redenbaugh filed a claim against the estate, in three divisions.

Division 1 of the claim asserted: Claimant is the adopted daughter of C. F. Hayer and Ellen B. Hayer, both deceased; C. F. Hayer died testate in October 1928, bequeathing claimant $10,000 and making Ellen B. Hayer his residuary legatee and devisee; shortly after the death of C. F. Hayer in 1928, Ellen B. Hayer advised claimant that it would be a hardship to pay the bequest of $10,000 within a year, and, in consideration of claimant's promise not to take legal steps to enforce payment thereof within said year and to permit Mrs. Hayer to take such time as she might desire to pay the same, without interest, Mrs. Hayer prom-

ised that she would not dispose of any of her property, including that inherited from C. F. Hayer, except such as was necessary for her care and support, would not make a will, and would allow claimant to become owner of all of said property upon her death; claimant performed her part of the contract; Mrs. Hayer did not complete payment of the $10,000 legacy until November 1937, and no interest was charged to her; Mrs. Hayer breached the contract by making a will in 1939 in which she gave claimant a bequest of $1,000 and devised and bequeathed the rest of her property, worth approximately $8,000, to various brothers, nephews, and nieces; previously, on September 12, 1930, Mrs. Hayer had conveyed (subject to a retention of a life estate) to Albert Carmicheal a half section of land in Wright County, Iowa, without consideration except $1,000; the land was then worth $32,000 and is still worth that sum; Carmicheal, without consideration, conveyed the land to Bishop Curry, as trustee, for the use and benefit of the Reorganized Church of Jesus Christ of Latter Day Saints; the property now in the estate, and the real estate conveyed as aforesaid, were all subject to claimant's contract with decedent. The prayer was that the claim be allowed in the sum of $40,000.

Division 2 of the claim sought $1,000 for services rendered decedent during her last illness, and division 3 claimed $1,000 as assignee of her husband, Lewis H. Redenbaugh, for services rendered by him to decedent during her last illness. In submitting the case to the jury, the form of verdict required the jury to fix the amount of recovery, if any, as to each division of the claim. The jury's verdict allowed claimant $30,000 on division 1 of her claim and allowed her nothing on division 2 or division 3. Claimant has not appealed. Accordingly, we will disregard all portions of the proceedings which relate to divisions 2 and 3 of the claim and consider only that portion of the record that pertains to division 1 of the claim.

There are a large number of errors assigned for reversal. However, one proposition appears to us to be controlling as to the disposition of the entire case. That proposition is that the trial court should have applied to the record herein certain rules of law which this court recognized and applied in the case of Fairall v. Arnold, 226 Iowa 977, 285 N. W. 664. Such rules of

law are based in part upon the statute of frauds. The executor's answer to division 1 of the claim herein asserted a general denial and special defenses of the statute of frauds, the statute of limitations, res adjudicata, and estoppel. Since we are satisfied that the statute of frauds is applicable herein and that, under the rules which we recognized and applied in Fairall v. Arnold, supra, the claimant failed to produce any evidence which would render that statute inapplicable, we will limit our consideration of the case to those propositions only which pertain to that defense.

The trial was had herein to a jury. To prove the alleged oral contract claimant's husband testified, over objection, that just before Christmas in 1928, he took claimant and Mrs. Hayer to see Mr. Olson, a lawyer, and Mr. Olson advised Mrs. Hayer that it was the law that claimant's legacy of $10,000, under the will of C. F. Hayer, should be paid within a year. He further testified, over repeated objections, that he, claimant, and Mrs. Hayer returned to Mrs. Hayer's home and he there heard a conversation between claimant and Mrs. Hayer, in which he took no part, as follows:

"She [Mrs. Hayer] told Vera [claimant] it would create quite a hardship on her if she had to pay it within a year and if Vera was willing and would allow her all the time that she wanted to pay it, not charge her any interest or take any legal steps to collect, that she would leave, that she would not dispose of any of her property and leave all of it for Vera, and she would not make any will"; that Vera replied, "If that is the way you want it, Mamma, it is all right with me"; and Mrs. Hayer then said, "Well, that settles it then."

Claimant also produced as a witness a nephew of C. F. Hayer, who received a legacy of $100 under his will but is not related to Mrs. Hayer. He testified, over objection, that when his legacy of $100 was paid to him in 1930, he had a conversation with Mrs. Hayer about the payment of Vera's legacy, as follows:

"She said that the reason she hadn't paid me before, or the rest of us nephews, that she had rather overchecked her bank

account, and in doing so why she wasn't able to keep up with Mrs. Redenbaugh's payments, and that she had made an agreement with Vera, as she spoke of her, she called her Vera, that if she would be lenient with her that Vera would wait on her for the balance of the money till she could see fit to pay her, and there wouldn't be any interest on it, when this property, she was through with this property that it would all be Vera's.''

The claimant's husband further testified, over objection, that the last payment on Vera's $10,000 legacy was made in 1937 and that no interest was paid on said legacy.

At the close of claimant's evidence the executor made a motion for a directed verdict on various grounds, one of which was that the oral contract relied upon was within the statute of frauds and the proof was insufficient to remove the oral contract from the application of such statute. The motion was overruled. At the close of all the evidence it was renewed and was again overruled. The claimant, at the close of all the evidence, separately moved the court to strike each of the executor's defenses except that of the general denial. These motions to strike were all sustained. The case was submitted to the jury on the allegations of the claim and the executor's general denial, resulting in a verdict for claimant as aforesaid for $30,000. The executor filed a motion for new trial which, among other things, reasserted his contentions that were based upon the statute of frauds. The motion was overruled and the executor appeals.

I. We first consider whether the statute of frauds is applicable to the oral contract asserted herein. We hold that it is.

Section 11285, Code, 1939, provides:

''Except when otherwise specially provided, no evidence of the following enumerated contracts is competent, unless it be in writing and signed by the party charged or by his authorized agent: * * * 3. Those for the creation or transfer of any interest in lands, except leases for a term not exceeding one year.''

The executor relies also upon section 9933, Code, 1939,

relating to personal property. However, we are satisfied that subparagraph 3 of section 11285, above quoted, is controlling herein. As above pointed out, $32,000 was claimed as damages for the conveyance of the Wright county land in 1930, and, in addition thereto, $8,000 was claimed as damages because Mrs. Hayer's will merely gave claimant a bequest of $1,000. The real property in Mrs. Hayer's estate was valued at $7,300 in the inventory and was appraised at $7,050. The personal property amounted to $1,780.19. As above stated, claimant was given a legacy of $1,000. She has also been awarded a fee of $500 as special administratrix. See In re Estate of Hayer, 233 Iowa 1343, 11 N. W. 2d 593. The other expenses of administration are not definitely shown but the record satisfies us that the property which claimant makes the basis for her claim herein is all real property. The oral contract is asserted as the basis for the creation of an interest in real estate. Counsel for claimant contend that the contract was one as to which equity would require specific performance. If the contract were properly established, this would be true. DeJong v. Huyser, 233 Iowa 1315, 11 N. W. 2d 566. The claim herein is for a money judgment as damages for the breach of this alleged contract. But that does not alter the fact that the contract is one for the creation of an interest in lands. It is within the contemplation of and subject to the provisions of section 11285 of the Code, 1939.

II. There is no writing signed by Mrs. Hayer to establish the contract. Accordingly, the oral testimony, offered to prove the contract, is incompetent unless there was proof of such performance of the contract sufficient to bring the case within the provisions of section 11286, Code, 1939, which provides:

"The provisions of subsection 3 of section 11285 do not apply where the purchase money, or any portion thereof, has been received by the vendor, or when the vendee, with the actual or implied consent of the vendor, has taken and held possession of the premises under and by virtue of the contract, or when there is any other circumstance which, by the law heretofore in force, would have taken the case out of the statute of frauds."

The claimant obviously anticipated that this would be the case, and asserted, as a part of her claim, allegations of fact which were intended to constitute the basis for the proposition that there had been such performance of the contract by claimant as to bring the case under the provisions of section 11286, above quoted. However, under the rules of law announced and applied by us in Fairall v. Arnold, supra, we hold that the evidence is wholly insufficient.

In Fairall v. Arnold, supra, the decedent was William H. James and plaintiff was the brother of James' deceased wife, Nancy. Nancy James died in 1925 leaving all of her property to her husband. Prior to her death plaintiff had performed services at the request of his sister, Nancy James. After her death he demanded payment of William H. James and threatened to file a claim against Nancy James' estate. He alleged that William H. James promised that, if plaintiff would not file a claim against Nancy James' estate, he would leave plaintiff certain residence property in Iowa City; that, relying upon such promise, he refrained from filing his claim but William H. James failed to convey the property to him and failed to leave it to him by will. He brought an action for specific performance of the contract and the trial court granted him such relief. On appeal, this court reversed the decree.

In summarizing the case, we state in Fairall v. Arnold, supra, 226 Iowa 977, 983, 984, 285 N. W. 664, 667, as follows:

"To state it briefly, he claims that James agreed to deed or devise the property to him, in consideration of his agreement to not insist upon payment of the claim at that time, and to not file the claim against the Nan James estate. He contends that he fully performed the agreement on his part by not pressing the claim for payment, and by not filing it against the estate, and that since James did not perform, on his part, his representatives should be required to do so.

"Among other defenses, the appellants contend here, as they did below, that the agreement which the appellee seeks to enforce is an oral agreement for the transfer of an interest in land, under subsection three of section 11285 of the 1935 Iowa

Code, and that the ban of the statute is not removed by any of the exceptions, stated in section 11286 of said Code.

"The appellee concedes that the agreement is within the statute of frauds but contends that the provisions thereof do not apply because the 'purchase money' for the real estate was paid in full by his performance of the agreement, not to file his claim against the estate."

In reversing the decree, we state in Fairall v. Arnold, supra, 226 Iowa 977, 986, 285 N. W. 664, 669, as follows:

"The term 'part performance' is a misnomer and inaccurate, in that many matters designated as such, are not, in fact, the performance or part performance of the contract, itself, but are those done pursuant to, or in reliance upon, the contract.

"Another principle, which must always be kept in mind, is that the 'part performance', the things done, or the matters claimed as consideration, must be unequivocally referable to the verbal contract. * * *

"This court early announced this principle in Williamson v. Williamson, 4 Iowa (Cole) 279, 281:

" 'If a party would take a case out of the statute of frauds, upon the ground of a part performance, it is indispensable that the parol contract, agreement or gift should be established by clear, unequivocal and definite testimony; and the acts claimed to be done thereunder, should be equally clear and definite, *and referable exclusively to the said contract or gift.'* (Italics ours.)

"Also, in Sweeney v. O'Hora, 43 Iowa 34, 38, we said:

" 'If the acts relied upon are of a doubtful or equivocal character, and may have been done with other views than as part performance of an agreement, then they do not take the case out of the operation of the statute.'

"We have consistently followed this principle that the contract must be established by proof that is clear, convincing and satisfactory, and the acts constituting performance must be equally plain, definite and referable exclusively to the contract. Houlette v. Johnson, 205 Iowa 687, 216 N. W. 679; Helmers v. Brand, 203 Iowa 587, 213 N. W. 384; Stennett v. Stennett, 174

Iowa 431, 156 N. W. 406; Chew v. Holt, 111 Iowa 362, 82 N. W. 901. As stated in In re Runnells' Estate, 203 Iowa 144, 154, 212 N. W. 327, 331, if the performance was referable to the verbal contract, 'it must be because the circumstances put in evidence permit no other rational hypothesis.' ''

And, at page 989 of 226 Iowa, page 670 of 285 N. W., we state:

"It is true that past services or past indebtedness may be a lawful consideration for a promise, or an agreement, but this is very different from saying that by proving the services or the indebtedness, you can, by parol evidence, establish a contract, by which the debtor agreed to sell and convey, or will to the creditor his horse, or automobile, or real estate, in satisfaction of the services or debt. If this could be done, one who hired services, or contracted debt, would always do so at the peril of having his creditor come into a court of equity and, by the usual method of evading the provisions of the 'dead man statute', show, by oral testimony, that the debtor agreed to satisfy the debt by transferring to the creditor certain specified property. And at the further and more dangerous peril, that after his death, the creditor could come into court, and by the same methods show, by oral testimony, that the decedent had verbally agreed to convey or will to him a certain piece of property, in payment of the services or debt, and ask that the widow, heirs, or representatives of the estate be compelled to perform the agreement. Or to bring the hypothetical case more closely within the purview and terms of the appellee's claim, after the death of the debtor, the creditor could come into court and by the same methods show, by oral testimony, that prior to the decedent's death, the creditor had threatened to bring suit on the claim, and the decedent orally agreed that if he would refrain from bringing suit, he would deed or devise him certain real estate.

"The statute of frauds has been enacted by every state to prevent the successful culmination of just such litigation as is referred to above, and in particular to prevent predatory prowling upon the estates of decedents, by such testimony.

"To sustain the decree of the trial court would be to fly in the face of overwhelming authority, both in number and weight, and decisions of this court, squarely in point."

And, at page 992 of 226 Iowa, page 671 of 285 N. W., we state:

"If we take the view of the appellee, that the contract, which he performed, was his agreement to not file his claim, what do we find? The performance which he claims, is, necessarily, that he did nothing, rather than something. He proves that he did nothing, by producing the clerk of court's records and files in the Mrs. James estate, which disclose no claim filed by him. Can we say that the fact that no claim was filed by him is 'exclusively referable' to his alleged oral agreement not to file? Can we say that it is 'unequivocally referable to such agreement?' Can we say that it is reconcilable 'with no other rational hypothesis?' We must answer all of these questions in the negative. His failure to file might be referable to a number of reasons. * * *

"Furthermore we are constrained to hold, in accord with the decision, and the principle announced in Scott v. Mundy & Scott, supra, and followed in Hagedorn v. Hagedorn, 194 Iowa 172, 188 N. W. 980, and Dunnick v. Hagedorn, 196 Iowa 1067, 195 N. W. 994, that where the performance of the verbal contract relied upon is the doing of nothing, as in not filing a claim against an estate in the office of the clerk of the court, there must be some written evidence of the agreement, as required by Code section 11285, or proof of some other tangible act or circumstance, other than the mere absence of the claim of record, definitely tending to establish that the absence of any such filed claim was because of the oral agreement. Any uncertainty could have easily been avoided by a written memorandum."

To sustain the trial court herein would be to fly in the face of the foregoing pronouncements. In the Fairall case, the alleged performance was that he did nothing, rather than something. So it is here. And the record herein is weaker than in the Fairall case. In that case, plaintiff contended that he re-

leased and satisfied his alleged cause of action. Here it is only claimed that an extension of time was granted and interest was forgiven. But the principal was paid in full. For us to affirm the judgment herein would require an outright overruling of Fairall v. Arnold and a repudiation of the principles on which that decision stands. We have no inclination of so doing. We stand by our pronouncements there made. We apply them herein. Accordingly, a reversal must be ordered.

Counsel for claimant do not ask us to overrule Fairall v. Arnold, but rather to distinguish it. They rely upon Garman v. Wettengel, 199 Iowa 1150, 203 N. W. 266, and Powers v. Crandall, 136 Iowa 659, 111 N. W. 1010. Neither of these cases is in point. In each the plaintiff performed services that were affirmative, not merely negative as herein. Counsel also cite Hotchkiss v. Cox, 47 Iowa 655. That case is expressly distinguished in the course of our opinion in the Fairall case, this court stating, at page 997 of 226 Iowa, at page 674 of 285 N. W., as follows:

"It will be noted that the consideration of the parol agreement to convey was not only the promise of the purchaser to discharge the pre-existing indebtedness of the seller, but was, also, and in addition, his promise to care for and pay the existing and future expense of the seller's sickness. This the purchaser did. This latter part of the consideration was part payment of the purchase price of such character that it took the transaction out of the statute of frauds, and permitted parol proof thereof. There are numerous decisions of this court holding that the promise to perform services in the future becomes a sufficient consideration to take the contract out of the statute of frauds, if the services are thereafter performed."

Counsel also contend that the rules announced in the Fairall case apply to proceedings in equity and are not to be applied in ordinary proceedings at law. We cannot agree with such contention. The rules of law which are there announced and applied are of a substantial character. They constitute substantive law. A reading of the opinion clearly demonstrates that they are to be recognized and applied whether the proceedings be in equity or at law. And in the case of In re Estate of Runnells,

203 Iowa 144, 212 N. W. 327, cited and quoted with approval in the Fairall case, the proceedings were at law, for damages for breach of an oral contract similar to that asserted herein, and such rules of law were applied by this court.

By reason of the foregoing, the evidence herein is insufficient to take the oral contract here relied upon out of the statute of frauds. The provisions of section 11286, Code, 1939, are not available. The evidence is incompetent to establish the contract relied upon. The defense, based on the statute of frauds, is good. The trial court erred in holding otherwise. The cause is, accordingly, reversed and remanded with instructions to enter judgment dismissing the claim.—Reversed and remanded with instructions.

All JUSTICES concur.