HARRY YORK et al., Appellees, v. ROSE A. YORK et al., Appellants.

No. 47121.

November 11, 1947.

Joe B. Tye, of Marshalltown, for appellants.

O. H. Allbee and Boardman, Cartwright & Druker, all of Marshalltown, for appellees.

BLISS, J.—The plaintiffs are children of John H. York and the defendant Rose A. York. The father died intestate on September 20, 1940, at the age of more than ninety years, leaving the defendant Rose A. York as his surviving widow, and the plaintiffs as his only heirs. There was no administration on the decedent's estate. For many years he had been the owner and titleholder of approximately 220 acres of farm land in Marshall County, Iowa. Because of indebtedness which he had contracted in Wisconsin, he and his wife were fearful that this might be subjected to its payment. They communicated by letter with their daughter, Margaret, whose name was then Margaret Weaver, asking if she would take the title in her name. Having signified her willingness, John H. York and Rose A. York, on December 30, 1932, executed a warranty deed conveying the farm to Mrs. Margaret Weaver, of Linn County, Iowa, and on the same day it was recorded in Marshall county. There is no evidence that this deed was ever manually delivered to the grantee or that it ever came into her possession. She testified that she never saw nor received the deed. At the time of the execution of the aforesaid deed, John H. York caused to be prepared another warranty deed conveying the farm back to him. This deed was mailed to the daughter, Margaret, at Cedar Rapids, Iowa, by either John H. York or Rose A. York, for execution by Margaret and her husband. The deed, as shown by its recording, bore date of December 30, 1932. Margaret and her husband, Vern Weaver, signed the deed and returned it to her parents. Margaret testified that neither she nor her husband acknowledged the execution of the deed, and further testified that John H. York was the only grantee named in the deed when signed and mailed by them. The deed was filed for record on January 8, 1935, and the recording shows the grantees to be John H. York and Rose A. York, and that the grantors acknowledged it on December 30, 1932, the same date of the acknowledgment of the deed first described above, and before the same Marshall county notary—a nephew of Rose A. York.

With respect to some of the testimony of Margaret concerning the deed signed by her and her husband, the defendants objected that she was an incompetent witness under section 622.4 of the 1946 Code. We need not pass upon this question because Rose A. York corroborated much of Margaret's testimony, and herself testified that the title was placed in Margaret to deceive creditors of John H. York as to his ownership of the land; that no consideration passed from Margaret to her father, and that neither the grantors nor the grantee in the deed to the latter had any intention of conveying to Margaret any interest in or title to the land described in the deed. The trial court found and decreed that Margaret received no title to or ownership in said land, and for that reason alone, and for the additional reason that the name of Rose A. York was wrongfully inserted in the deed signed by Margaret and her husband, the defendant Rose A. York thereby acquired no title to or ownership in the land by said deed. We agree with the trial court's finding and decree. Defendants did not produce the deed last referred to though demand was made by plaintiffs therefor.

The records in the recorder's office in Marshall county show that on September 27, 1940, which was after the death of John H. York, there was filed in said office a quitclaim deed dated January 9, 1935, from John H. York, as grantor, conveying to Rose A. York an undivided one-half interest in said land. This deed recited that it was a gift from the husband to the wife.

There was introduced in evidence an instrument executed and acknowledged by the plaintiffs on November 8, 1940, as follows:

"INSTRUMENT OF ASSIGNMENT.

WHEREAS, J. H. YORK, late of Marshall County, Iowa, died intestate on September 20, 1940, leaving Rose York as his surviving spouse and widow, and Harry H. York and Margaret Klopp as his children and sole heirs at law and next of kin.

Now, THEREFORE, the undersigned, Harry H. York and Margaret Klopp, in order to simplify the settlement of affairs and to vest our mother, Rose York, with the full title to all

personal property left by our said father, J. H. York, and of which he died possessed, do hereby sell, transfer, assign and convey to our said mother, Rose York, all our interest in all the personal property of which our said father, J. H. York, died possessed, of every kind and description, hereby vesting in our said mother, Rose York, full title to all the personal property of which our said father died seized.''

The plaintiffs testified that this instrument was prepared by a named lawyer of Cedar Rapids and taken by them to the home of Rose A. York at Rhodes, Iowa, where it was orally agreed by the three that their mother should take as her own all the personal property on the farm and securities owned by John H. York at his death, and should have the use during her life of the entire farm, including the plaintiffs' one-third interest therein, and upon her death the 220 acres should be the property of the plaintiffs. The three then went to a bank at State Center, Iowa, where the assignment was signed and acknowledged. Rose A. York did not specifically deny any of the testimony stated just above. In fact, her attorney asked her just one question about the transaction, and that was a leading one as to whether at the time the assignment was executed she had some talk with the plaintiffs ''in regard to *deeding* the farm to them.'' Her answer was ''No.'' Plaintiffs did not contend that Rose A. York agreed to give them a deed to the farm, but that they were to have the remainder interest therein on the expiration of her life estate. Mrs. York had her copy of the assignment at the time of the trial. She took possession of the entire farm and of the personal property. For two years she leased it to the plaintiff Margaret E. Klopp and her husband, Dan J. Klopp. Later Mrs. York sold all of the personal property on the farm for $5,000, and moved to her residence property in Rhodes. From part of the sale proceeds she paid the mortgage on this home which she later sold. Mrs. York was seventy-five years old at the time of the trial. This arrangement with the plaintiffs provided her an income adequate for her future needs and comfort. The trial court found and decreed that this contract had been made with Mrs. York, and had been performed by the plaintiffs.

The matter which was the cause of the suit and the filing of plaintiffs' petition on October 3, 1946, was the proposed sale of the 220 acres by Rose A. York. On October 4, 1946, she entered into a written contract to sell the farm to the defendants Mr. and Mrs. Bert Sharer for a total consideration of $19,228.20. This was without the consent of the plaintiffs.

In the earlier pleadings plaintiffs had alleged that John H. York, because of a stroke of paralysis and physical disabilities due to his advanced age, was mentally incompetent, and had also been subjected to the undue influence of his wife in their transactions, particularly with respect to the quitclaim deed to the wife of January 9, 1935. The court found that these allegations had not been sustained. In addition to the findings of the court as hereinbefore noted, it found as conclusions of law that: John H. York died seized of the personal property above noted, and of an undivided one half of the real estate, and that Rose A. York, by the quitclaim deed had acquired an undivided one-half interest in said real estate—the 220-acre farm; on the death of John H. York, the plaintiffs, Harry H. York and Margaret E. Klopp, and the defendant Rose A. York each became vested in fee simple with an undivided one third of the undivided one-half interest in the real estate owned by John H. York at his death; the instrument of assignment and the oral agreement of November 8, 1940, between plaintiffs and Rose A. York was not within the Statute of Frauds; Harry York and Margaret E. Klopp each own an undivided one-half interest in all of said 220-acre farm, subject to an estate therein for her life in Rose A. York; Margaret E. Klopp was not estopped by her deed of December 30, 1932, nor by her lease of the farm for the year ending March 1, 1946; the plaintiffs were barred by neither laches nor Statutes of Limitation in the commencement of their action; the clerk of the district court of Marshall County, Iowa, is presumed to have performed his duty and indexed this action as a lis pendens forthwith upon the filing of the petition on October 3, 1946; the defendants and each of them had constructive notice that plaintiffs claimed an interest in said real estate, and are bound by these proceedings.

Plaintiffs' action as submitted was based wholly upon the written assignment and oral agreement of November 8, 1940.

The decree of the court adjudged and decreed that the plaintiffs are each the owners of an undivided one-half interest in and to said 220-acre farm in fee simple subject to an estate for life in the defendant Rose A. York, and the said estate and ownership of the plaintiffs is hereby quieted in them as against the defendants and each of them, except for the life estate of the defendant Rose A. York.

The defendants complain of twenty-five errors of the court in various rulings, findings, conclusions, and orders made. We find no basis in any or all of those claimed errors for a reversal of the judgment and decree. The findings, conclusions and judgment and decree are amply sustained by the law and the evidence.

I. The agreement, partly in writing and partly oral, was not within the Statute of Frauds (section 622.32, Code of 1946), which provides:

"Except when otherwise specially provided, no evidence of the following enumerated contracts is competent, unless it be in writing and signed by the party charged * * *: * * * 3. Those for the creation or transfer of any interest in lands, except leases for a term not exceeding one year. * * *

"622.33 Exception. The provisions of subsection 3 of section 622.32 do not apply where the purchase money, or any portion thereof, has been received by the vendor, or when the vendee, with the actual or implied consent of the vendor, has taken and held possession of the premises under and by virtue of the contract."

Just what the personal property owned by John H. York consisted of is not disclosed. Mrs. York was probably entitled to some of it as property exempt to her husband. But the plaintiffs, as his only heirs, had a substantial interest therein. They also had an undivided one-third interest in his real estate. Mrs. York proposed to them that if they would grant to her the life use of their real estate and the absolute title to their interest in the personal property, upon her death they would become the owners of her undivided two thirds in the real estate. Each plaintiff accepted the proposition, and they delivered to Mrs. York and she received their share of the personal property and

disposed of it, and she accepted and maintained possession of their share of the real estate and now occupies it. Mrs. York did not sign any writing. But the conduct of the parties clearly brought them within the provisions of the exception stated in said section 622.33, and the evidence of that conduct was not precluded by section 622.32, and the contract alleged by plaintiffs was established in accord with the decisions of this court. Carlson v. Carlson, 233 Iowa 1133, 1138–1140, 11 N. W. 2d 383; Fairall v. Arnold, 226 Iowa 977, 988, 285 N. W. 664; Hagedorn v. Hagedorn, 194 Iowa 172, 176, 177, 188 N. W. 980; Hardy v. Daum, 219 Iowa 982, 987, 259 N. W. 561; In re Estate of Hayer, 234 Iowa 299, 303–310, 12 N. W. 2d 520. The acts done by Mrs. York and the plaintiffs are clearly and definitely referable to the oral agreement and the written assignment, within the holding of our decisions. See Fairall v. Arnold, supra, 226 Iowa 977, 987 et seq., 285 N. W. 664; Moore v. Olson, 229 Iowa 182, 184, 185, 294 N. W. 305, and cases cited in each.

II. Plaintiffs' claim was not barred under either the five-year Statute of Limitations (section 614.1(5), Code of 1946) nor the ten-year Statute of Limitations (section 614.1(6), Code of 1946) nor by laches. They were claiming under an oral contract entered into in November 1940 and not breached until October 1946.

III. Plaintiff Margaret E. Klopp was not estopped by the leasing of the farm, nor was her conduct in so doing inconsistent with the oral agreement. Mrs. York had the use of the farm for her life, and she might lease it to the plaintiff or to anyone else.

We have considered all matters complained of by defendants and find no reversible error.

The judgment and decree is—Affirmed.

OLIVER, C. J., and HALE, GARFIELD, SMITH, MANTZ, MULRONEY, and HAYS, JJ., concur.