J. L. Heavner, Appellee, v. Reese Kading, Appellant.

No. 39707.

December 13, 1929.

Rehearing Denied March 21, 1930.

*Johnson & Teter,* for appellant.

*Vander Ploeg, Hays & Heer,* for appellee.

EVANS, J.—This is a companion case to the case of *Heavner v. Kading,* 209 Iowa 1271. The plaintiff brought separate actions against the respective grantees in deeds executed by the testator under whom plaintiff claims title.  The cases were tried separately, this case being first tried, and the other case being tried at a subsequent term of the same court. In this case, the plaintiff prevailed, and in the other case, the defendant therein prevailed. The defendant-grantee has, therefore, appealed in this case; whereas the plaintiff was the appellant in the other case. The two deeds were executed simultaneously, and the question of delivery of both deeds rests upon the same facts. Some evidence was introduced in the other case which was not offered in this case. To that extent the position of the grantee in that case was a little better fortified than the position of the grantee in this case.

It appears, also, that the present case was decided in the district court under the mistaken view that the burden of proof on the question of delivery rested upon the grantee. The rule  is quite settled in this state, as well as in many others, that a deed duly executed and acknowledged and produced by the grantee therein is self-proving, both as to its execution and its delivery. That is to say, it of itself makes a prima-facie case; and this is so even though it appear that the manual possession of the deed was acquired after the death of the grantor, or that it was filed for record after the death of the grantor. The presumption in his favor as making a prima-facie case is, of course, rebuttable. The fact that manual possession was not obtained by the grantee during the life of the grantor, or that the recording thereof was not made until after the death of the grantor, may be shown as tending to rebut delivery. But the mere fact that the deed did not reach the hands of the grantee until after the death of the grantor does not, of itself, conclusively negative delivery. This is so because the manual possession of the deed by the grantee

is not necessarily essential to an effective delivery. An effective delivery may be made within the life of the grantor to a grantee, even though the grantee has no knowledge of such delivery. The burden, therefore, upon one contending for non-delivery is not lifted until he negatives the delivery, not simply as to manual possession, but as to all form or method by which an effective delivery could have been made by the grantor. *Jones v. Betz,* 203 Iowa 767; *Stiles v. Breed,* 151 Iowa 86; *Webb v. Webb,* 130 Iowa 457. For cases from other jurisdictions, see 18 Corpus Juris 418.

So far as the grantor was concerned, the making of these two deeds was essentially one transaction. That such transaction has its close features and its difficulties of solution is sufficiently indicated by the adverse results reached on the two trials in the district court, and indeed in the very plausible arguments presented in this court. The reasons for our conclusion as announced in the companion case are likewise decisive of this.

The decree of the district court is, accordingly,—*Reversed.*

ALBERT, C. J., and FAVILLE, KINDIG, and GRIMM, JJ., concur.