J. L. HEAVNER, Appellant, v. VERA KADING, Appellee.

No. 39884.

DECEMBER 13, 1929.

REHEARING DENIED MARCH 21, 1930.

*Vander Ploeg, Hays & Heer,* for appellant.

*Johnson & Teter,* for appellee.

EVANS, J.—The land involved herein comprises 140 acres, and was a part of the lands owned by John Heavner, the testator, in his lifetime. The testator died November 27, 1925. His  family had formerly consisted of one son and three daughters. Two of the daughters, Mrs. Reynolds and Mrs. Jordan, had predeceased their father, each of them leaving children surviving her. The other daughter was Blanch Kading, the mother of the defendant herein. The will of the testator devised to each of the six children of the deceased Mrs. Reynolds and to each of the two children of the deceased Mrs. Jordan the sum of $300, and the residue of his estate to the son, plaintiff herein. He named his granddaughter Vera Kading, defendant herein, as executrix of his will. No other mention of the Kading family was made in the will. The will was executed on March 23, 1925. The circumstances of the making thereof, briefly, were: The testator appeared alone at the office of Hart, and requested that a deed be drawn for his execution, covering 320 acres of land. The deed was so drawn, and was formally executed by the decedent. The grantees therein were Vera Kading, defendant herein, and Reese Kading, her brother. After the execution of the deed, his will was drawn, and then and there formally executed. These instruments were taken by the decedent, and were placed by him in his safety box at the Knoxville National Bank, where he transacted business. On a later date, September 7, 1925, he appeared again at the same office, and directed that two deeds be prepared, covering the same acreage as was covered in the

deed of March 23d, but conveying the same in severalty. In one deed for 180 acres, Reese Kading was named as the grantee. The other deed comprised 140 acres, and Vera Kading was named therein as grantee. These deeds were formally executed. The evidence for the defendant is to the effect that the decedent carried these deeds to the home of his daughter Blanch Kading, and showed them to her, and then and there advised her that he proposed to keep them in his safety box, from which he directed that she should take them and record them after his death.

The decedent was a widower, and lived alone in his home, close by that of his daughter, where he visited two or three times a week. On the Saturday preceding his death, he was taken ill in his home, and arrangements were immediately made by his daughter with Mrs. Sweezer, a practical nurse, that she would care for him in her home. He was at once taken to that home from his own. Immediately before he was taken from his own home, according to the evidence for defendant, he said to his daughter that he believed he was "down," and that he wanted her to see to the recording of the deeds in question. He then and there gave her the key to his box, and stated the number thereof as 264. This key remained in the possession of Mrs. Kading until after the death of her father, which occurred on the Friday following. After his death, the key was used in the opening of the safety box, and the deeds were found therein. The defendant, Vera Kading, waived appointment as executrix, and Walker was appointed instead. Some months later, the deeds were placed of record, through the instrumentality of Blanch Kading, and with the consent of the administrator.

There are two phases to the issue. The first relates to the credibility of the evidence offered on behalf of the defendant. The more important evidence in her behalf was given by her  mother, and this was supplemented by the testimony of her father. It was of such a nature that it could not be contradicted by any direct evidence. The plaintiff properly contends, therefore, that it should be subjected to close scrutiny. We think the testimony of Mrs. Kading has much corroboration from all the surrounding circumstances. It is entirely consistent with the acts of the decedent, and with his

undoubted intention. True it is that a mere intention to deliver does not, of itself, constitute delivery. But where the intention is as clearly shown as it is herein, and where direct evidence of facts sufficient to constitute a symbolical delivery is produced, the former becomes corroborative of the latter. The conduct, as well as the statements, of the decedent indicates strongly that he believed that he had made adequate provision for an effective delivery of the deeds. This belief on his part, not sufficient, of itself, to prove the fact, is, nevertheless, consistent with, and supporting to, such other evidence as tends to show such effective delivery. Our reading of the evidence in the record satisfies us, as it did the district court, that the testimony of Blanch Kading as to the instructions given to her by her father and as to the delivery of the key to the safety box to her, as he was about to be taken to the Sweezer home, is substantially true.

The other phase of the issue relates to the legal effect of the facts as established by the testimony for the defendant. Did the delivery of the key to Mrs. Kading by the decedent, pursuant to his instructions then and previously given, constitute a sufficient symbolical delivery? There is a symbolical sense at least in which the decedent parted with his control of the deeds when he delivered, once for all, his key to his daughter. He did not have the deeds in his hands nor in his home. The key was the emblem of his dominion over them.

Pursuant to our former holdings, we deem it clear that an effective delivery was accomplished. This holding might be made to rest upon any one of many of our cases. *McKemey v. Ketchum,* 188 Iowa 1081; *Leighton v. Leighton,* 196 Iowa 1191; *Kyle v. Kyle,* 175 Iowa 734; *Schurz v. Schurz,* 153 Iowa 187; *Goodman v. Andrews,* 203 Iowa 979; *Newton v. Bealer,* 41 Iowa 334. The question of symbolical or constructive delivery has been so fully discussed by us in the above cited cases that we see nothing to be gained by going over the ground again. We hold, on the authority of the cases here cited, that the delivery of the deed under consideration here was effective. The district court so found, and its decree is, accordingly,—*Affirmed.*

ALBERT, C. J., and FAVILLE, KINDIG, and GRIMM, JJ., concur.